UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATIE MILILLO, IRENE JOHNSON<br>JANINE HELLER and TOMAYITA<br>STEVENSON,<br>    Plaintiffs,<br><br>v.<br><br>WHITMAN EDUCATION GROUP,<br>INC., CAREER EDUCATION<br>CORPORATION, ULTRASOUND<br>DIAGNOSTIC SCHOOL and<br>LOUIS GIANNELLI,<br>    Defendants. | Civil Action<br>No. 04-30130-MAP |

## DEFENDANT LOUIS GIANNELLI'S ANSWER TO COUNTS I, III, AND IV OF PLAINTIFFS' COMPLAINT

Defendant Louis Giannelli ("Giannelli") answers the Plaintiffs' Complaint as follows.

INTRODUCTION

1. Giannelli admits that Plaintiffs worked at Ultrasound Diagnostic School in Springfield, Massachusetts. Giannelli denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Plaintiffs' "Introduction" paragraph states conclusions of law to which no response is required. To the extent this paragraph includes any factual allegations, they are denied.

3. Giannelli admits that Milillo is a woman. Giannelli is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 3 of the Complaint and therefore denies the same.

4. Giannelli admits that Johnson is a woman. Giannelli is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 4 of the Complaint and therefore denies the same.

5. Giannelli admits that Heller is a woman. Giannelli is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 5 of the Complaint and therefore denies the same.

6. Giannelli admits that Stevenson is a woman. Giannelli is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 6 of the Complaint and therefore denies the same.

7. Giannelli is without knowledge or information sufficient to admit or deny the allegations in Paragraph 7 of the Complaint and therefore denies the same.

8. Paragraph 8 states conclusions of law to which no response is required. To the extent this paragraph includes any factual allegations, they are denied.

9. Paragraph 9 states conclusions of law to which no response is required. To the extent this paragraph includes any factual allegations, they are denied.

10. Paragraph 10 states conclusions of law to which no response is required. To the extent this paragraph includes any factual allegations, they are denied.

11. Giannelli is without knowledge or information sufficient to admit or deny the allegations in Paragraph 11 of the Complaint and therefore denies the same. To the extent that Paragraph 11 states conclusions of law, no response is required.

12. Paragraph 12 states conclusions of law to which no response is required. To the extent this paragraph includes any factual allegations, they are denied.

13. Giannelli is without knowledge or information sufficient to admit or deny the allegations in Paragraph 13 of the Complaint and therefore denies the same. To the extent that Paragraph 13 states conclusions of law, no response is required.

14. Paragraph 14 states conclusions of law to which no response is required. To the extent this paragraph includes any factual allegations, they are denied.

15. Paragraph 15 states conclusions of law to which no response is required. To the extent this paragraph includes any factual allegations, they are denied.

16. Paragraph 16 states conclusions of law to which no response is required. To the extent this paragraph includes any factual allegations, they are denied.

17. Giannelli is without knowledge or information sufficient to admit or deny the allegations in Paragraph 17 of the Complaint and therefore denies the same. To the extent that Paragraph 17 states conclusions of law, no response is required.

18. Paragraph 18 states conclusions of law to which no response is required. To the extent this paragraph includes any factual allegations, they are denied.

19. Giannelli is without knowledge or information sufficient to admit or deny the allegations in Paragraph 19 of the Complaint and therefore denies the same.

20. Paragraph 20 states conclusions of law to which no response is required. To the extent this paragraph includes any factual allegations, they are denied.

21. Paragraph 21 states conclusions of law to which no response is required. To the extent this paragraph includes any factual allegations, they are denied.

22. Paragraph 22 states conclusions of law to which no response is required. To the extent this paragraph includes any factual allegations, they are denied.

23. Giannelli is without knowledge or information sufficient to admit or deny the allegations in Paragraph 23 of the Complaint and therefore denies the same. To the extent that Paragraph 23 states conclusions of law, no response is required.

24. Paragraph 23 states conclusions of law to which no response is required. To the extent this paragraph includes any factual allegations, they are denied.

25. Giannelli admits that he was the Executive Director of UDS. Giannelli further admits that his title ultimately changed to President of UDS. Answering further, Paragraph 25 states conclusions of law to which no response is required. To the extent this paragraphs includes any additional factual allegations, they are denied.

26. Paragraph 26 states conclusions of law to which no response is required. To the extent this paragraph includes any additional factual allegations, they are denied.

## Jurisdiction and Venue

27. Paragraph 27 states conclusions of law to which no response is required. To the extent this paragraph includes any factual allegations, they are denied.

28. Giannelli is without knowledge or information sufficient to admit or deny the allegations in Paragraph 28 of the Complaint and therefore denies the same.

   a. Giannelli admits that a charge alleging discrimination by the Defendants was filed at the MCAD and EEOC. To the extent Paragraph 28(a) states a conclusion of law, no response is required. To the extent this paragraph includes any additional factual allegations, they are denied.

   b. Giannelli is without knowledge or information sufficient to admit or deny the allegations in Paragraph 28(b) of the Complaint and therefore denies the same.

4

    c. Giannelli is without knowledge or information sufficient to admit or deny the allegations in Paragraph 28(c) of the Complaint and therefore denies the same.

    d. Giannelli is without knowledge or information sufficient to admit or deny the allegations in Paragraph 28(d) of the Complaint and therefore denies the same.

29. Paragraph 29 states conclusions of law to which no response is required. To the extent this paragraph includes any factual allegations, they are denied.

30. Giannelli is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 30 of the Complaint and therefore denies the same.

31. Giannelli is without knowledge or information sufficient to admit or deny the allegations in Paragraph 31 of the Complaint and therefore denies the same.

32. Giannelli is without knowledge or information sufficient to admit or deny the allegations in Paragraph 32 of the Complaint and therefore denies the same.

33. Giannelli is without knowledge or information sufficient to admit or deny the allegations in Paragraph 33 of the Complaint and therefore denies the same.

34. Giannelli denies the allegations contained in Paragraph 34 of the Complaint.

35. Giannelli denies the allegations contained in Paragraph 35 of the Complaint.

36. Giannelli denies the allegations contained in Paragraph 36 of the Complaint.

37. Giannelli denies the allegations contained in Paragraph 37 of the Complaint.

38. Giannelli is without knowledge or information sufficient to admit or deny the allegations in Paragraph 38 of the Complaint and therefore denies the same.

39. Giannelli denies that the alleged conduct ever occurred or continued. Giannelli is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 39 of the Complaint and therefore denies the same.

40. Giannelli denies the allegations contained in Paragraph 40 of the Complaint.

41. Giannelli denies the allegations contained in Paragraph 41 of the Complaint.

42. Giannelli has moved to dismiss Plaintiffs' wrongful discharge claim in violation of public policy pursuant to Fed.R.Civ.P. 12(b)(6). As such, no response is currently required to this allegation. Giannelli reserves his right to supplement this response should the Motion to Dismiss be denied.

43. Giannelli has moved to dismiss Plaintiffs' wrongful discharge claim in violation of public policy pursuant to Fed.R.Civ.P. 12(b)(6). As such, no response is currently required to this allegation. Giannelli reserves his right to supplement this response should the Motion to Dismiss be denied.

44. Giannelli has moved to dismiss Plaintiffs' wrongful discharge claim in violation of public policy pursuant to Fed.R.Civ.P. 12(b)(6). As such, no response is currently required to this allegation. Giannelli reserves his right to supplement this response should the Motion to Dismiss be denied.

45. Giannelli has moved to dismiss Plaintiffs' wrongful discharge claim in violation of public policy pursuant to Fed.R.Civ.P. 12(b)(6). As such, no response is currently required to this allegation. Giannelli reserves his right to supplement this response should the Motion to Dismiss be denied.

46. Giannelli has moved to dismiss Plaintiffs' wrongful discharge claim in violation of public policy pursuant to Fed.R.Civ.P. 12(b)(6). As such, no response is currently required to this allegation. Giannelli reserves his right to supplement this response should the Motion to Dismiss be denied.

47.     Giannelli admits that the Plaintiffs were required to follow company policies and procedures as set forth in the company employee handbook. Giannelli denies the remaining factual allegations as described in Paragraph 47 of the Complaint.

48.     The allegations in Paragraph 48 are vague and ambiguous. Thus, Giannelli is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 48 of the Complaint.

49.     Paragraph 49 states a conclusion of law to which no response is required. To the extent this paragraph includes any factual allegations, they are denied.

50.     Giannelli is without knowledge or information sufficient to admit or deny the allegations in Paragraph 50 of the Complaint and therefore denies the same.

51.     Giannelli is without knowledge or information sufficient to admit or deny the allegations in Paragraph 51 of the Complaint and therefore denies the same.

52.     Giannelli is without knowledge or information sufficient to admit or deny the allegations in Paragraph 52 of the Complaint and therefore denies the same.

53.     To the extent Paragraph 53 states conclusions of law, no response is required. To the extent Paragraph 53 contains factual allegations, they are denied.

54.     To the extent Paragraph 54 states conclusions of law, no response is required. To the extent Paragraph 53 contains factual allegations, they are denied.

55.     Giannelli denies the allegations contained in Paragraph 55 of the Complaint.

56.     Giannelli denies the allegations contained in Paragraph 56 of the Complaint.

57.     Giannelli denies making such statements to the Plaintiffs. Giannelli is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 57 of the Complaint and therefore denies the same.

58.     Giannelli is without knowledge or information sufficient to admit or deny the allegations in Paragraph 58 of the Complaint and therefore denies the same.

### Count I – M.G.L. c. 151B

59.     Giannelli repeats and incorporates by reference herein his responses to Paragraphs 1 through 58 of the Complaint.

60.     Giannelli denies the allegations in Paragraph 60 of the Complaint.

61.     Giannelli denies the allegations in Paragraph 61 of the Complaint.

### Count II – Title VII

62.     Giannelli has moved to dismiss this Count pursuant to Fed.R.Civ.P. 12(b)(6). As such, no response is currently required to this allegation. Giannelli reserves his right to supplement this response should the Motion to Dismiss be denied.

63.     Giannelli has moved to dismiss this Count pursuant to Fed.R.Civ.P. 12(b)(6). As such, no response is currently required to this allegation. Giannelli reserves his right to supplement this response should the Motion to Dismiss be denied.

64.     Giannelli has moved to dismiss this Count pursuant to Fed.R.Civ.P. 12(b)(6). As such, no response is currently required to this allegation. Giannelli reserves his right to supplement this response should the Motion to Dismiss be denied.

### Count III – M.G.L. c. 149

65.     Giannelli repeats and incorporates by reference herein his responses to Paragraphs 1 through 64 of the Complaint.

66.     Giannelli denies the allegations contained in Paragraph 66 of the Complaint.

67.     Giannelli denies the allegations contained in Paragraph 67 of the Complaint.

### Count IV – FLSA Claim

68. Giannelli repeats and incorporates by reference herein his responses to Paragraphs 1 through 67 of the Complaint.

69. Giannelli denies the allegations contained in Paragraph 69 of the Complaint.

70. Giannelli denies the allegations contained in Paragraph 70 of the Complaint.

71. Giannelli denies the allegations contained in Paragraph 71 of the Complaint.

72. Giannelli denies the allegations contained in Paragraph 72 of the Complaint.

### Count V – Constructive Discharge in Violation of Public Policy

73. Giannelli has moved to dismiss this Count pursuant to Fed.R.Civ.P. 12(b)(6). As such, no response is currently required to this allegation. Giannelli reserves his right to supplement this response should the Motion to Dismiss be denied.

74. Giannelli has moved to dismiss this Count pursuant to Fed.R.Civ.P. 12(b)(6). As such, no response is currently required to this allegation. Giannelli reserves his right to supplement this response should the Motion to Dismiss be denied.

75. Giannelli has moved to dismiss this Count pursuant to Fed.R.Civ.P. 12(b)(6). As such, no response is currently required to this allegation. Giannelli reserves his right to supplement this response should the Motion to Dismiss be denied.

76. Giannelli has moved to dismiss this Count pursuant to Fed.R.Civ.P. 12(b)(6). As such, no response is currently required to this allegation. Giannelli reserves his right to supplement this response should the Motion to Dismiss be denied.

### Affirmative Defenses

### First Affirmative Defense

Plaintiffs have failed to state claims upon which relief may be granted.

<u>Second Affirmative Defense</u>

Plaintiffs have failed to mitigate their damages.

<u>Third Affirmative Defense</u>

Plaintiffs failed to exhaust the administrative and jurisdictional prerequisites to the commencement of an action.

<u>Fourth Affirmative Defense</u>

Some or all of Plaintiffs' claims are barred by the statute of limitations.

<u>Fifth Affirmative Defense</u>

Plaintiffs' claims are barred by the doctrines of estoppel, waiver and/or unclean hands.

<u>Sixth Affirmative Defense</u>

Defendant's conduct was not willful.

<u>Seventh Affirmative Defense</u>

Defendant reserves the right to assert additional defenses as discovery progresses and such defenses become known.

WHEREFORE, Defendant respectfully requests that the Court:

A. dismiss the Plaintiffs' Complaint and Jury Demand;

B. award judgment in Giannelli's favor on all counts against him;

C. award Giannelli his costs and reasonable attorney fees; and

D. award Giannelli such further relief as the Court deems just and proper.

<u>Jury Trial Demand</u>

Giannelli demands a trial by jury on all claims asserted in the Complaint and all defenses asserted in his Answer to the Complaint that are so triable.

          LOUIS GIANNELLI
          By his attorneys,

          */s/ Tricia A. Rice*
          Christopher R. O'Hara (BBO No. 548611)
          Tricia A. Rice (BBO No. 633556)
          TODD & WELD LLP
          28 State Street - 31st Floor
          Boston, MA 02109
          (617) 720-2626

Dated: October 29, 2004