IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATIE MILILLO, IRENE JOHNSON, JANINE HELLER and TOMAYITA STEVENSON,<br><br>*Plaintiffs,*<br><br>vs.<br><br>WHITMAN EDUCATION GROUP, INC., CAREER EDUCATION CORPORATION, ULTRASOUND DIAGNOSTIC SCHOOL and LOUIS GIANELLI,<br><br>*Defendants.* | CASE NUMBER: 04-30130-MAP |

**DEFENDANTS WHITMAN EDUCATION GROUP, INC., CAREER EDUCATION CORPORATION, and ULTRASOUND DIAGNOSTIC SCHOOL'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE COUNT FIVE OF THE COMPLAINT**

I.  **INTRODUCTION**

On October 22, 2004 Defendants Whitman Education Group, Inc., Career Education Corporation, and Ultrasound Diagnostic School filed their Motion to Dismiss with Prejudice Count V of the Complaint. Count V alleges wrongful constructive discharge in violation of public policy based on purported complaints concerning admission and grading policies at the Ultrasound school. Because neither Plaintiffs' Complaint nor their opposition to Defendants' Motion to Dismiss identify a single law or regulation governing a private school's admission and grading policies, or articulate a non-statutory public policy violated by the conduct alleged in their Complaint, Count V should be dismissed.

On November 24, 2004, Plaintiffs filed their opposition, and in a last-ditch attempt to avoid dismissal of the claim, therein alternatively sought leave to amend their Complaint to add more specificity. This was a procedurally-improper effort to deprive Defendants an opportunity to respond to their request for leave, given that Defendants did not have the right to a reply as a matter of course.

Apart from lacking a formal motion, Plaintiff's request for leave fails to specify what facts they would add to attempt to state a claim on Count V. As Defendants are at a loss to discern any amendment that would permit Plaintiffs to state a claim, Plaintiff's request should be denied as futile and their claim should be dismissed with prejudice.

## II. BECAUSE PLAINTIFFS FAILED TO SPECIFY THEIR PROPOSED COMPLAINT AMENDMENT, AND BECAUSE ANY AMENDMENT WOULD BE FUTILE, THEIR REQUEST FOR LEAVE SHOULD BE DENIED.

Although motions to amend are treated liberally, a court may deny them if, as a matter of law, amendment would be futile. Carlo v. Reed Rolled Thread Die Co., 49 F.3d 790, 792 (1st Cir. 1995). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Glassman v. Computervision, 90 F.3d 617, 622-23 (1st Cir. 1996). Where, as here, an amendment adding greater specificity would not correct Plaintiffs' failure to state a claim, such proposed amendment should be denied as futile. See, e.g., Broner v. Flynn, 311 F. Supp. 2d 227, 237 (D. Mass. 2004) (denying motion to file amended complaint where amendment would be futile); Kemper Ins. Cos., Inc. v. Fed. Express Corp., 115 F. Supp. 2d 116, 127 (D. Mass. 2000) (same); Gillespie v. McCourt, 889 F. Supp. 5, 8 (D. Mass. 1995) (same); Marsman v. W. Elec. Co., 719 F. Supp. 1128, 1142-43 (D. Mass. 1988) (same). Because Count V of the complaint is destined for dismissal, Plaintiffs should not be allowed to amend that count.

Plaintiffs' request for leave to amend their Complaint was embedded at the end of their opposition to Defendants' Motion to Dismiss. (See Opposition at 11-12). In this procedurally-improper request, Plaintiffs state merely that they would like to "amend their Complaint to provide further specificity." (Id. at 11). They do not cite at all the substance of their proposed amendments or explain in any way whatsoever how the amendments would remedy the deficiencies in the current Complaint. Absent this proposed language, this Court cannot conclude that the amendment would be anything other than futile.

Moreover, Defendants are at a loss to discern any conceivable amendment that would permit Plaintiff to state a claim for wrongful constructive discharge in violation of public policy. Plaintiff's complaint was an exhaustive harangue of allegations. For them to now request leave to amend their Complaint by adding or changing their allegations seems disingenuous to say the least.

Furthermore, the problem with the allegations in the Complaint concerning Count V is not that they are insufficiently specific. Rather, Plaintiff's complaints concerning admissions and grade changing simply do not raise a public policy which is required for their stated constructive wrongful discharge in violation of public policy cause of action. Neither the Complaint nor Plaintiffs' opposition identifies a law, regulation or non-statutory public policy governing a private school's admission and grading policies. Accordingly, greater Complaint specificity would not allow Plaintiffs to state a claim and would be entirely futile. Allowing Plaintiffs to add further specificity to their baseless allegations could only create more delay and waste more resources of the parties and this Court. Given the futility of any amendment, this Court must deny Plaintiff's request for leave to amend their Complaint.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's request for leave to amend their Complaint and instead grant its motion to dismiss Plaintiffs' fifth cause of action for wrongful constructive discharge.

Respectfully submitted,

Dated: December 7, 2004.

/s/ Jeffrey E. Poindexter
Jeffrey E. Poindexter, Esquire
BBO# 631922
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, Massachusetts 01115
Tel. (413) 272-6232
Fax. (413) 272-6803

Edward S. Mazurek, Esquire
*admitted pro hac vice*
Jamie M. Kohen, Esquire
*admitted pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel. (215) 963-5019/5472
Fax. (215) 963-5001

Attorneys for Defendants
WHITMAN EDUCATION GROUP, INC.,
CAREER EDUCATION CORPORATION,
and ULTRASOUND DIAGNOSTIC
SCHOOL