IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATIE MILILLO, IRENE JOHNSON, JANINE HELLER and TOMAYITA STEVENSON,<br><br>*Plaintiffs,*<br><br>vs.<br><br>WHITMAN EDUCATION GROUP, INC., CAREER EDUCATION CORPORATION, ULTRASOUND DIAGNOSTIC SCHOOL and LOUIS GIANELLI,<br><br>*Defendants.* | CASE NUMBER: 04-30130-MAP |

**ANSWER AND SEPARATE DEFENSES TO THE COMPLAINT
OF DEFENDANTS WHITMAN EDUCATION GROUP, INC., CAREER
EDUCATION CORPORATION and ULTRASOUND DIAGNOSTIC SCHOOL**

1. Denied.

2. Denied.

3. Defendant admits that Plaintiff Katie Milillo is a woman. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 3.

4. Defendant admits that Plaintiff Irene Johnson is a woman. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 4.

5. Defendant admits that Plaintiff Janine Heller is a woman. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 5.

6. Defendant admits that Plaintiff Tomayita Stevenson is a woman. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 6.

7. Denied.

8. The allegation contained in paragraph 8 constitutes a legal conclusion to which no responsive pleading is required.

9. The allegation contained in paragraph 9 constitutes a legal conclusion to which no responsive pleading is required.

10. The allegation contained in paragraph 10 constitutes a legal conclusion to which no responsive pleading is required.

11. The allegation contained in paragraph 11 constitutes a legal conclusion to which no responsive pleading is required.

12. The allegation contained in paragraph 12 constitutes a legal conclusion to which no responsive pleading is required.

13. Denied.

14. The allegation contained in paragraph 14 constitutes a legal conclusion to which no responsive pleading is required.

15. The allegation contained in paragraph 15 constitutes a legal conclusion to which no responsive pleading is required.

16.     The allegation contained in paragraph 16 constitutes a legal conclusion to which no responsive pleading is required.

17.     The allegation contained in paragraph 17 constitutes a legal conclusion to which no responsive pleading is required.

18.     The allegation contained in paragraph 18 constitutes a legal conclusion to which no responsive pleading is required.

19.     Denied.

20.     The allegation contained in paragraph 20 constitutes a legal conclusion to which no responsive pleading is required.

21.     The allegation contained in paragraph 21 constitutes a legal conclusion to which no responsive pleading is required.

22.     The allegation contained in paragraph 22 constitutes a legal conclusion to which no responsive pleading is required.

23.     The allegation contained in paragraph 23 constitutes a legal conclusion to which no responsive pleading is required.

24.     The allegation contained in paragraph 24 constitutes a legal conclusion to which no responsive pleading is required.

25.     The allegation contained in paragraph 25 constitutes a legal conclusion to which no responsive pleading is required.

26. The allegation contained in paragraph 26 constitutes a legal conclusion to which no responsive pleading is required.

27. The allegation contained in paragraph 27 constitutes a legal conclusion to which no responsive pleading is required.

28. The allegation contained in paragraph 28 constitutes a legal conclusion to which no responsive pleading is required.

    a. Denied.

    b. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph b of paragraph 28.

    c. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph c of paragraph 28.

    d. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph d of paragraph 28.

29. The allegation contained in paragraph 29 constitutes a legal conclusion to which no responsive pleading is required.

30. Admitted.

31. Admitted.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Defendants admit that Plaintiffs were required to follow company policies and procedures as set forth in the company employee handbook and elsewhere. Defendants deny the remaining allegations contained in paragraph 47.

48. The allegations in paragraph 48 are vague and ambiguous. Thus, Defendants are without knowledge or information sufficient to admit or deny the allegations contained in paragraph 48.

49. The allegation contained in paragraph 49 constitutes a legal conclusion to which no responsive pleading is required.

50. Denied.

51. Denied.

52. The allegation contained in paragraph 52 constitutes a legal conclusion to which no responsive pleading is required.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Defendants repeat their answers set forth in paragraphs 1 through 58 above, and incorporate those answers as if fully set forth herein.

60. Denied.

-7-

61. Denied.

62. Defendants repeat their answers set forth in paragraphs 1 through 61 above, and incorporate those answers as if fully set forth herein.

63. Denied.

64. Denied.

65. Defendants repeat their answers set forth in paragraphs 1 through 64 above, and incorporate those answers as if fully set forth herein.

66. Denied.

67. Denied.

68. Defendants repeat their answers set forth in paragraphs 1 through 67 above, and incorporate those answers as if fully set forth herein.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Defendants repeat their answers set forth in paragraphs 1 through 72 above, and incorporate those answers as if fully set forth herein.

74. Denied.

75. Denied.

76. Denied.

## SEPARATE DEFENSES

### First Separate Defense

Plaintiffs' claims are barred to the extent they have failed to comply with the applicable statute of limitations.

### Second Separate Defense

Plaintiffs' claims are barred to the extent they have failed to comply with the administrative and jurisdictional prerequisites to the commencement of an action under state and federal anti-discrimination law.

### Third Separate Defense

Plaintiffs' claims are barred in whole or in part by their failure to mitigate damages.

### Fourth Separate Defense

Defendants have in place a strong policy against discrimination and harassment and otherwise exercised reasonable care to prevent and correct promptly any discrimination and harassment to which Plaintiffs claim they were subjected, and Plaintiffs unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendants to avoid harm otherwise, and Defendants have otherwise acted in good faith to prevent and/or remedy discriminatory or harassing conduct.

### Fifth Separate Defense

Plaintiffs' claims are barred by principles of waiver and/or estoppel.

### Sixth Separate Defense

Plaintiffs' claims for equitable relief are barred by the doctrine of unclean hands.

**Seventh Separate Defense**

Plaintiffs' cause of action for wrongful constructive discharge fails to state a claim upon which relief may be granted as a matter of law.

**Eighth Separate Defense**

Defendants reserve the right to assert additional defenses as discovery progresses and such defenses become known.

THE DEFENDANTS REQUEST A TRIAL BY JURY ON ALL ISSUES AND CLAIMS SO TRIABLE.

                    Respectfully submitted,
WHITMAN EDUCATION GROUP, INC.,
CAREER EDUCATION CORPORATION,
ULTRASOUND DIAGNOSTIC SCHOOL
By their Attorneys,

Dated: March 23, 2005.

/s/ Jeffrey E. Poindexter
Jeffrey E. Poindexter, Esq., BBO# 631922
Bulkley, Richardson & Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
Tel. (413) 272-6232
Fax. (413) 272-6803

Edward S. Mazurek, Esq.
*admitted pro hac vice*
Jamie M. Kohen, Esq.
*admitted pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel. (215) 963-5019/5472
Fax. (215) 963-5001