# Exhibit E

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com



**Jamie M. Kohen**
215.963.5472
jkohen@morganlewis.com

June 30, 2005

**VIA FACSIMILE (413)788-7996 AND FIRST CLASS MAIL**

Suzanne Garrow, Esquire
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103

Re:   *Milillo et al. v. Whitman Education Group* (04-31030-MAP)

Dear Suzanne:

Neither counsel for Whitman Education Group and Career Education Corp (the "Corporate Defendants") nor counsel for Defendant Giannelli has received written interrogatory responses from Plaintiff Johnson. While the parties negotiated several extensions of the deadline for interrogatory responses, all responses were supposed to have been served by June 3. The Corporate Defendants and Defendant Giannelli each served their interrogatory responses on that day, and in fact, you served responses on behalf of Plaintiffs Heller, Milillo, and Stevenson. However, you failed to provide Johnson's interrogatory responses to either the Corporate Defendants' or Defendant Giannelli's interrogatories, without explanation or excuse. As you know, Plaintiff Johnson's deposition has been noticed for July 13. Accordingly, we trust that you will provide her interrogatory responses well in advance of such date. If we have not received such responses by July 5, we will seek Court intervention.

Next, Plaintiffs Heller, Milillo, and Stevenson's interrogatory responses are incomplete and require further responses.

In response to Giannelli Interrogatory Nos. 2 and 4, Plaintiffs cited only examples, where in fact the interrogatories requested an exhaustive answer. Please supplement each Plaintiff's response to Giannelli Interrogatory No. 2 with a full and complete response describing with substance, as requested, "all communications, actions or conduct" and "the date, place, the names of all

**Morgan Lewis**
COUNSELORS AT LAW

June 30, 2005
Page 2

participants and witnesses." Moreover, please supplement each Plaintiff's response to Giannelli Interrogatory No. 4 with a full and complete response stating for each complaint, the name and address of the person to whom the complaint was lodged, the date and substance of the complaint, the action taken by the person, and the Defendants' ultimate course of action. Plaintiffs cannot avoid providing full and complete answers by suggesting that they offer only examples of the universe of responsive information. Since the interrogatories require an exhaustive response, unless Plaintiffs supplement their responses, Defendants will presume that the written responses provided constitute the only responsive information to the interrogatories that exists.

In response to Corporate Defendants Interrogatory No. 2, Ms. Milillo objected that such information concerning sources of income received until the present was not reasonably calculated to lead to the discovery of admissible evidence. This is blatantly wrong, as income received by Ms. Milillo during and after her termination would be relevant to her damages, as well as an evaluation of her mitigation efforts.

Plaintiffs' evasion regarding their damages calculations is completely inappropriate. Not only is their damages calculation required by Giannelli Interrogatory No. 6 and Corporate Defendants Interrogatory No. 1, it is also required under Rule 26. A damages calculation is a basic and fundamental requirement for any plaintiff in any lawsuit.

Plaintiffs refused to provide unemployment compensation information in response to Corporate Defendants Interrogatory No. 8. However, given that the collateral source rule has not been adopted by the First Circuit or Massachusetts district courts, such information is clearly discoverable.

Plaintiffs Heller and Stevenson refused to provide responses to Corporate Defendants Interrogatory Nos. 2-6, claiming that they were not reasonably calculated to lead to the discovery of admissible evidence. Nos. 2-6 request information concerning Plaintiffs' efforts to find employment after their termination and the income from such employment. These inquiries clearly relate to both the Plaintiffs' alleged damages and their mitigation efforts, both areas ripe for discovery. If Plaintiffs Heller and/or Stevenson contends that such interrogatories are not relevant to this suit because she is not seeking damages for her termination of employment, please so state in writing.

Plaintiffs Heller and Stevenson also refused to provide a response to Corporate Defendants Interrogatory No. 11, which requests information regarding their medical and psychological care. If Plaintiffs Heller and/or Stevenson are not seeking compensatory damages for mental or physical harm, emotional distress, or pain and suffering in this case, please so state in writing. In such case, Defendants will agree not to pursue this line of inquiry. Otherwise, as you know, these Plaintiffs' mental states of mind are directly at issue in this case and the information requested is subject to discovery.



**Morgan Lewis**
COUNSELORS AT LAW

June 30, 2005
Page 3

Plaintiffs have cited a refusal to provide information regarding any written statements collected in this case in response to Corporate Defendants Interrogatory No. 7, claiming work product privilege. Please provide a privilege log so that when Corporate Defendants ask the Court to compel production, it will have a sufficient basis upon which to rule.

Finally, please note that we have enclosed an authorization for release of medical information for Plaintiff Milillo to Dr. Ishak, who Ms. Milillo stated treated her for shingles related to stress around her alleged constructive termination. Please have Ms. Milillo sign the release and fax and mail it back to my attention. Since Ms. Milillo's deposition is scheduled for July 28, we would appreciate your prompt cooperation with this request so that we may obtain the records in advance of that time.

Please feel free to give me a call should you have any questions.

Sincerely,

Jamie M. Kohen

cc:   Edward S. Mazurek, Esquire
      Christopher O'Hara, Esquire
      Jeffrey Pointdexter, Esquire

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com



**Morgan Lewis**
COUNSELORS AT LAW

**Jamie M. Kohen**
215.963.5472
jkohen@morganlewis.com

July 8, 2005

**VIA FACSIMILE (413)788-7996 AND FIRST CLASS MAIL**

Suzanne Garrow, Esquire
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103

Re:   *Milillo et al. v. Whitman Education Group* (04-31030-MAP)

Dear Suzanne:

We are in receipt of your email dated July 7, 2005, in which you indicate that you are refusing to preceed with the depositions next week which we noticed on June 22, 2005, because of "vacation schedules." It is frustrating to say the least that you raised this objection only three business days prior to the scheduled date of the depositions, and only upon our contacting you to inquire as to your outstanding and overdue written discovery responses and your failure to reply to our June 30 letter. Please advise as to whose "vacation schedule" caused your unilateral refusal to procees with the duly-noticed doepositions. We are certainly empathetic to the schedules of counsel and witnesses in this case, however the cancellation of depositions that have been duly-noticed only a few days before the depositions were to occur is highly improper absent exigent circumstances. Enclosed please find deposition notices for Plaintiff Heller on July 27 and Plaintiff Johnson on July 28, the dates on which we previously noticed Plaintiffs Stevenson and Milillo, and about which you have not objected. This shall preserve the order which we believe will be the most efficient for us to pursue discovery. Additionally, enclosed please find deposition notices for Plaintiff Stevenson on August 10 and Plaintiff Milillo on August 11.

We also are in receipt of Plaintiff Johnson's Interrogatory Responses which you faxed yesterday afternoon, and which we note were due June 3 and for which you have not requested an extension. The facsimile omitted the pages including Plaintiff Johnson's Responses to Corporate Defendants' Interrogatories Nos. 9-13. Also, you have not provided a verification by



July 8, 2005
Page 2

Ms. Johnson, which as you are well-aware, is required by Local Rule 33.1 and Fed. R. Civ. P. 33(b)(1) and (b)(2). We trust that you will immediately provide Ms. Johnson's verification and the missing responses. Additionally, we note that Plaintiff Johnson's written responses suffer from the same infirmities as did the other Plaintiffs responses, which we outlined in our June 30 letter, and to which we expect you will reply on Monday.

Finally, we understand that you intend to respond to our letter of June 30 by Monday, July 11. Please be advised that my client preserves and does not waive any rights to raise its objections regarding the timeliness of Plaintiffs' Interrogatory and Document Request responses and the failure to appear for deposition. If we do not receive your response by Monday, we will file a motion to compel.

Please feel free to give me a call should you have any questions.

Sincerely,

Jamie M. Kohen

cc: Edward S. Mazurek, Esquire
Christopher O'Hara, Esquire
Jeffrey Pointdexter, Esquire

# Heisler, Feldman & McCormick, P.C.

Attorneys at Law

Hugh D. Heisler
Joel H. Feldman
Thomas J. McCormick
Suzanne Garrow
Sarah E. Lazare
　*Access to Justice Fellow*

July 11, 2005

Jamie M. Kohen, Esq.
Morgan Lewis
1701 Market Street
Philadelphia, Pennsylvania 19103

　　　Re:　*Milillo et al. v. Whitman Education Group, Inc. et al.*
　　　　　U.S. District Court Civil Action No. 04-30130-MAP

Dear Ms. Kohen:

　　I apologize for any inconvenience that my or my colleague Joel Feldman's vacation schedules may have caused. Due to a number of unavoidable factors, we were unable to coordinate coverage for the previously noticed depositions. Thank you for issuing new deposition notices; we have planned accordingly. I trust by now you have received Ms. Johnson's interrogatory responses. The verification page will follow later this week.

**Gianelli Interrogatories 2 and 4**

　　The plaintiffs provided information regarding communications and behavior that occurred throughout their employment. To expect that the plaintiffs would recall dates, places and all witnesses to his ongoing, and repeated sexual and gender harassment of them is untenable. Your client will have ample opportunity to depose them on these issues. As to Interrogatory 4, through their responses, the plaintiffs have made clear the action they took as to the illegal treatment in their workplace at the hands of your client and the utter inaction of your client.

**Corporate Interrogatory 2—Milillo; Corporate Interrogatory 8**

　　The plaintiffs do not dispute that the defendants are entitled to explore mitigation of damages for those plaintiffs claiming wrongful termination. However, the defendants seek information from other sources of income unrelated to subsequent employment. However, the vast majority of courts which have addressed this issue in a broad range of employment-related cases have concluded that income derived from collateral sources should not be offset against awards for lost past or future wages. See eg., NLRB v. Gullett Gin Co., 340 U.S. 361,

---

1145 Main Street, Suite 508, Springfield, MA 01103 ◆ Phone (413) 788-7988 ◆ Fax (413) 788-7996

71 S.Ct. 337 (1951)(unemployment compensation not deductible from back pay award under NLRA); Guthrie v. J.C. Penney Co., Inc., 803 F.2d 202, 209 (5th Cir. 1986)("Most courts have refused to deduct such benefits as social security and unemployment compensation from ADEA awards"); Promisel v. First American Artificial Flowers, Inc., 943 F.2d 251, 258 (2d Cir. 1991), cert. denied, 502 U.S. 1060, 112 S.Ct. 939 (1992)(social security disability benefits not offset against back pay award in Title VII case); Gaworski v. ITT Commercial Finance Corp., 17 F.3d 1104, 1112-14 (8th Cir. 1994), cert. denied, 513 U.S. 946, 115 S.Ct. 355 (1994) (unemployment benefits are not offset against back pay award in ADEA case); see also, Maxfield v. Sinclair International, 766 F.2d 788, 795 (3d Cir. 1985), cert. denied, 474 U.S. 1057, 106 S.Ct. 796 (1986); Lussier v. Runyon, 50 F.3d 1103, 1107-10 (1st Cir. 1995). Moreover, any information regarding unemployment compensation is strictly inadmissible in Massachusetts proceedings.

**Corporate Interrogatory 1, Gianelli Interrogatory 6**

The plaintiffs provided a detailed settlement demand based on the information and damages accrued to that date. No further calculation of damages can be made until the defendants provide the plaintiff with the supporting documents in the defendants' possession and control. To date, we have received none. Please advise when we can copy documents in the possession and control of the defendants.

**Corporate Interrogatories 2-6 Heller/Stevenson**

Ms. Heller does not allege a claim for wrongful termination. Ms. Stevenson has not yet alleged a claim for wrongful termination.

**Corporate Interrogatory 11 Heller/Stevenson**

The plaintiffs do not intend to call any health care providers as witnesses or rely on communications to doctors or psychologists to bolster their emotional distress claims. They seek only usual emotional distress, not extraordinary psychic injury or damages. Patients, including litigants, do not anticipate revealing their whole medical and psychological history merely be asserting that discrimination has caused some amount of distress. See e.g. Vanderbilt v. Town of Chilmark, 174 F.R.D. 225 (D. Mass. 1997); See also Ruhlmann v. Ulster County Dep't of Soc. Servs., 194 F.R.D. 445, 449 n. 6 (N.D.N.Y.2000). See Sorenson v. H&R Block, Inc. 197 F.R.D. 199, 204 (D. Mass. 2000); Booker v. City of Boston, 1999 WL 734644 (D.Mass. 1999). If Ms. Milillo decides to rely on Dr. Ishak to support her claim of emotional distress, we will provide you with the relevant records.

**Witness statement**

Currently, we have in our possession and control a statement from Mary Biscaldi.

I will be out of the office until July 15, 2005. Please feel free to call and discuss these issues further.

Very truly yours,

Suzanne Garrow

Cc: Tricia Rice, Esq.
Jeff Poindexter, Esq.
Katie Milillo (Mail only)
Irene Johnson (Mail only)
Tomayita Stevenson (Mail only)
Janine Heller (Mail only)

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Jamie M. Kohen**
215.963.5472
jkohen@morganlewis.com

July 18, 2005

**VIA FACSIMILE (413)788-7996 AND FIRST CLASS MAIL**

Suzanne Garrow, Esquire
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103

Re:   *Milillo et al. v. Whitman Education Group* (04-31030-MAP)

Dear Suzanne:

I am writing to respond in part to your letter dated July 11, in which you responded to my June 30 letter concerning the deficiencies in Plaintiffs' discovery responses.

Regarding Defendants' request for Plaintiff Milillo's authorization for release of medical information from Dr. Ishak (who Ms. Milillo stated treated her for shingles related to stress around her alleged constructive termination), you stated that Ms. Milillo would provide such a release only if she decided to reply upon Dr. Ishak to support her claims. However, Plaintiff Milillo is required to provide such authorization now so that Defendants may probe the extent of the physical injury she suffered, and its sources, without regard to whether Ms. Milillo intends to rely upon medical testimony. As an initial matter, because Ms. Milillo alleges that her stress was so severe as to have manifested itself into an actual physical disease, it would not be considered "usual emotional distress" under the caselaw you cite. Mort importantly, Sorenson v. H & R Block, Inc., 197 F.R.D. 199 (D. Mass 2000), which you cite, explicitly states that where a plaintiff claims to have suffered "great bodily harm," (for which shingles clearly would qualify), she waives the physician privilege and information concerning her treatment is discoverable.

Accordingly, I trust that you will have Ms. Milillo sign the release I previously provided to you and fax and mail it back to my attention. Since Ms. Milillo's deposition is scheduled for

1-PH/2254578.1

**Morgan Lewis**
COUNSELORS AT LAW

July 18, 2005
Page 2

August 11, we would appreciate your prompt cooperation with this request so that we may obtain the records in advance of that time.

Additionally, you stated that you have a statement from Mary Biscaldi, but you have not produced such statement, nor have you suggested any basis upon which the statement is rightfully privileged from production. This statement is subject to discovery and well within the scope of Defendants' written requests. Accordingly, please immediately produce Ms. Biscaldi's statement via facsimile to the number listed above so that we may review such statement in advance of the depositions next week, or we shall contact the Court.

Finally, as Defendants stated in our letter dated June 3, we will gladly produce responsive documents upon your execution of the Stipulation of Confidentiality we provided to you at that time. Please feel free to give me a call should you have any questions.

Sincerely,

Jamie M. Kohen

cc:   Edward S. Mazurek, Esquire
      Christopher O'Hara, Esquire
      Jeffrey Pointdexter, Esquire

1-PH/2254578.1

**TODD & WELD LLP**
ATTORNEYS AT LAW
28 STATE STREET
BOSTON, MASSACHUSETTS 02109

CHRISTOPHER R. O'HARA
Email: cohara@toddweld.com

TELEPHONE: (617) 720-2626
FACSIMILE: (617) 227-5777
www.toddweld.com

July 20, 2005

**Via Facsimile – (413) 788-7996;**
**Original by First Class Mail**

Suzanne Garrow, Esq.
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103

      RE:    **Katie Milillo, et al. v. Career Education Corporation, et al.**
              USDC Civil Action No. 04-30130-MAP

Dear Ms. Garrow:

      This letter is written pursuant to Local Rule 7.1 requesting a conference of counsel concerning the deficiencies in Plaintiffs' Responses to Defendant Louis Giannelli's First Set of Interrogatories.

      In Interrogatory No. 2, Plaintiffs Heller, Johnson, Milillo and Stevenson provide incomplete responses, citing only examples where the interrogatory requires "all communications, actions or conduct of Giannelli that you contend was discriminatory" as well as requiring the date, place, names of all participants and witnesses and the substance of each communication, action or conduct. Illustrative examples are insufficient to respond fully and completely to this interrogatory. Since the interrogatory requires an exhaustive response, unless Plaintiffs supplement their responses immediately, Defendants will presume that the written responses provided constitute the only responsive information to the interrogatory that exists. Please inform me immediately in writing if there is additional information responsive to this interrogatory and if so, I must insist that you immediately supplement your answers to this interrogatory.

      In Interrogatory No. 4, Plaintiffs have also failed to respond fully and completely to the interrogatory including the specific complaints allegedly lodged with Julie Orloft, Dussy Wilkins and Linda Monihan. The Plaintiffs have also failed to respond to subpart (d) and (e) of the interrogatory and have only generally described vague dates without any specificity. Please supplement your answer to this interrogatory promptly or we will be left with no alternative but to seek judicial intervention.

Suzanne Garrow, Esq.
July 20, 2005
Page 2

In Interrogatory No. 5, Plaintiffs indicated that they are seeking damages for back pay and other wage-based damages. In Interrogatory No. 6, however, Plaintiffs have wholly failed to specify the amount sought and the amount attributable to any of the categories set forth in Interrogatory No. 6(a)-(h). This is an evasive and incomplete response to Mr. Giannelli's interrogatories. Please supplement your response to that immediately.

Likewise in Interrogatory No. 9, the interrogatory seeks the amount of damages you are claiming, the manner in which you or others acting on your behalf calculated such damages and all documents relate thereto. The answer provided by the Plaintiffs is evasive and incomplete. Please supplement your response to this interrogatory immediately.

With respect to Interrogatory No. 10, you have not provided an itemized account of expenses incurred in connection with the treatment with Reda Ishak, M.D., the dates of specific treatment, nor his diagnosis for Ms. Milillo. Please provide that information along with the records (which are part of your document request) promptly.

Finally, in Interrogatory No. 11, Ms. Milillo has not provided any response whatsoever in her interrogatory answers. If we are missing a page to her interrogatory answers, I ask that you provide it to us promptly.

In addition, Plaintiff Irene Johnson has failed to execute her Answers to Interrogatories in accordance with Local Rule 33.1 and Fed. R. Civ. P. 33(b)(1) and (b)(2). Please provide Ms. Johnson's verification and Ms. Milillo's missing response to Interrogatory No. 11 at your earliest opportunity, but in any event, on or before July 25, 2005.

Please feel free to give me a call should you have any questions.

Very truly yours,

Christopher R. O'Hara

CRO'H:cas

cc:  Edward S. Mazurek, Esq.
     Jamie M. Kohen, Esq.
     Jeffrey E. Poindexter, Esq.
     Tricia A. Rice, Esq.

# Heisler, Feldman & McCormick, P.C.

Attorneys at Law

Hugh D. Heisler
Joel H. Feldman
Thomas J. McCormick
Suzanne Garrow
Sarah E. Lazare
 *Access to Justice Fellow*

July 28, 2005

Christopher O'Hara, Esq.
Todd & Weld
28 State Street - 31st Floor
Boston, MA 02109

Re:   ***Milillo et al. v. Whitman Education Group, Inc. et al.***
      U.S. District Court Civil Action No. 04-30130-MAP

Dear Mr. O'Hara:

Thank you for extending the time to respond to your July 20, 2005 letter seeking additional discovery responses.

**Interrogatory Nos. 2 and 4**

The plaintiffs provided information regarding communications and behavior that occurred repeatedly throughout their employment. To expect that the plaintiffs would recall dates, places and all witnesses to Mr. Giannelli's ongoing, and repeated sexual and gender harassment of them is untenable. Your client will have ample opportunity to depose them on these issues. As to Interrogatory 4, through their responses, the plaintiffs have made clear the action they took as to the illegal treatment in their workplace at the hands of your client and the utter inaction of the corporate defendant.

**Interrogatory Nos. 5, 6 and 9**

The plaintiffs provided a detailed settlement demand based on the information and damages accrued to that date. No further calculation of damages can be made until the defendants provide the plaintiff with the supporting documents in the defendants' possession and control. To date, we have received none. Please advise when we can copy documents in the possession and control of the defendants.Ms. Heller does not allege a claim for wrongful termination. Ms. Stevenson has not yet alleged a claim for wrongful termination.

**Interrogatory 10 Milillo**

Ms. Milillo does not intend at this time to call any health care providers as witnesses or rely on communications to doctors or psychologists to bolster her emotional distress claim.

1145 Main Street, Suite 508, Springfield, MA 01103   ◆   Phone (413) 788-7988   ◆   Fax (413) 788-7996

She seeks only usual emotional distress, not extraordinary psychic injury or damages. Patients, including litigants, do not anticipate revealing their whole medical and psychological history merely be asserting that discrimination has caused some amount of distress. See e.g. Vanderbilt v. Town of Chilmark, 174 F.R.D. 225 (D. Mass. 1997); See also Ruhlmann v. Ulster County Dep't of Soc. Servs., 194 F.R.D. 445, 449 n. 6 (N.D.N.Y.2000). See Sorenson v. H&R Block, Inc. 197 F.R.D. 199, 204 (D. Mass. 2000); Booker v. City of Boston, 1999 WL 734644 (D.Mass. 1999). If Ms. Milillo decides to rely on Dr. Ishak to support her claim of emotional distress, we will provide you with the relevant records.

**Interrogatory No. 11 Milillo**

    See enclosed response.

Please feel free to call and discuss these issues further.

                          Very truly yours,

                          Suzanne Garrow

Cc:  Jamie Kohen, Esq.
      Jeff Poindexter, Esq.
      Katie Milillo (Mail only)
      Irene Johnson (Mail only)
      Tomayita Stevenson (Mail only)
      Janine Heller (Mail only)

**Interrogatory No. 11:**

Identify any experts consulted or retained in connection with this matter, including:

    a.    any expert you expect to call as an expert witness at trial and the subject matter on which such expert is expected to testify;

    b.    the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds for each opinion;

    c.    the conclusions and/or opinions and bases therefore, including whether written reports have been prepared by the expert(s) and, if so, attach copies of the reports, if any; and

    d.    please attach a Curriculum Vitae for each expert you intend to use at trial.

**Objection:** the plaintiff objects to this interrogatory to the extent it is premature and requires more than is required by the federal rules of procedure and orders of the Court. The plaintiff will identify any experts as is required.

 

# TODD & WELD LLP
ATTORNEYS AT LAW
28 STATE STREET
BOSTON, MASSACHUSETTS 02109

CHRISTOPHER R. O'HARA
Email: cohara@toddweld.com

TELEPHONE: (617) 720-2626
FACSIMILE: (617) 227-5777
www.toddweld.com

July 28, 2005

**Via Facsimile – (413) 788-7996;**
**Original by First Class Mail**

Suzanne Garrow, Esq.
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103

RE: **Katie Milillo, et al. v. Career Education Corporation, et al.**
USDC Civil Action No. 04-30130-MAP

Dear Ms. Garrow:

I am in receipt of your fax letter of July 28. I do not believe that your response satisfies the discovery obligations under the rules. In particular, it is no answer to evade Interrogatory Answers Nos. 2 and 4 by indicating that we can take a deposition of your clients. It is also evasion to indicate that it is untenable for them to recall the discrimination that they allege took place. Since they brought this case, they should be required to provide the time, place and actions and not generalities that it was "ongoing and repeated sexual and gender harassment." We believe that these are serious deficiencies and we will move to compel responsive and complete answers.

Second, as I requested in my July 20, 2005 letter, Plaintiff Irene Johnson has failed to execute her Answers to Interrogatories in accordance with Local Rule 33.1 and Fed. R. Civ. P. 33(b)(1) and (b)(2). If Ms. Johnson's verification is not provided forthwith, we will move to compel and seek appropriate relief for her failure to comply with the rules.

Please feel free to give me a call should you have any questions.

Very truly yours,

Christopher R. O'Hara

CRO'H:cas
cc: Edward S. Mazurek, Esq.
    Jamie M. Kohen, Esq.
    Jeffrey E. Poindexter, Esq.
    Tricia A. Rice, Esq.