IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KATIE MILLIO, IRENE JOHNSON,
JANINE HELLER and TOMAYITA
STEVENSON,

   *Plaintiffs,*

    vs.

WHITMAN EDUCATION GROUP,
INC., CAREER EDUCATION
CORPORATION, ULTRASOUND
DIAGNOSTIC SCHOOL and LOUIS
GIANELLI,

   *Defendants.*

CASE NUMBER: 04-30130-MAP

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTION TO COMPEL
PLAINTIFFS TO PROVIDE DISCOVERY RESPONSES

I.  **INTRODUCTION**

  Defendants Whitman Education Group, Inc., Career Education Corporation and

Ultrasound Diagnostic School (collectively "Corporate Defendants" or "CD") and Defendant

Louis Giannelli ("Giannelli"), (herein collectively "Defendants"), hereby reply to Plaintiffs'

Opposition to the Motion to Compel filed by Defendants.  Plaintiffs' rationale for not providing

full responses to each of Defendants' discovery requests is legally faulty and does not excuse

Plaintiffs from fulfilling their discovery obligations in accordance with Federal Rule of Civil

Procedure 26.

## II.    ARGUMENT

### A.    Plaintiffs' Counsel Offered No Explanation or Excuse for Why Johnson Still Has Not Provided Verified Interrogatory Responses.

Plaintiffs' Opposition fails to provide any explanation for why, three and a half months after they were due, Johnson still has not provided verified responses to Defendants' Interrogatories.  (See Opp. at 2 n. 1).  Nor can Plaintiffs' counsel explain why she provided Johnson's written responses to Defendants on July 7, but still has not been able to obtain a verification from her client.  The lack of verified responses impedes Defendants from conducting discovery and has resulted in unnecessary costs and fees for Defendants in moving to compel. Accordingly, this Court should compel Johnson to provide verified responses, and award Defendants fees incurred in their efforts to obtain Johnson's verification.

### B.    The Court Should Order Plaintiffs To Provide Information Concerning Their Health Care Providers.

Corporate Defendant Interrogatory Number 11 seeks full disclosure of information concerning medical or psychological care received by Plaintiffs.  Contrary to Plaintiffs' assertion, it is not "hard to imagine how information relating to other medical conditions," Opp. at 4, could be reasonably likely to lead to admissible evidence.  Rather, as explained in Defendants' Motion to Compel, the Massachusetts Supreme Court has clarified that with regard to compensatory damages under Mass. GL. § 151b, emotional distress caused by circumstances other than the employer's actions, or from a medical or psychological condition existing prior to the unlawful act, is not compensable.  (See Motion at 6).  Accordingly, Corporate Defendants are entitled to probe the extent of the psychological or physical injuries Plaintiffs allegedly suffered and explore whether other issues or medical conditions caused, or substantially contributed to, any emotional distress Plaintiffs claim.

Moreover, the Opposition does not deny that Milillo intends to base her compensatory damages claim upon her diagnosis of shingles related to stress around her alleged constructive termination. Milillo now claims she provided Defendants "a complete set of her doctor's progress notes for" her treatment, Opp. at 4; however Milillo refuses to authorize a release of medical information so that Defendants may independently verify whether Milillo has provided all of the doctor's notes, and review all of the records pertinent to Dr. Ishak's treatment. As noted in the Motion, Milillo may not use Dr. Ishak's progress notes as both a shield preventing further disclosure of her medical records and a sword supporting her claims.

Plaintiffs' claim that they fully responded to Giannelli's Interrogatory No. 10 is equally disingenuous. Giannelli's Interrogatory seeks facts related to the treatment of symptoms from emotional stress allegedly caused by the end of the employment relationship, such as: (1) the name and address of any treating physician; (2) the nature and extent of the treatment; (3) the dates of treatment; (4) each diagnosis; and (5) an itemized account of all expenses incurred in treatment. Milillo provided only Dr. Ishak's name and address and an alleged set of progress notes, but did not specify the nature and extent of treatment received, each diagnosis, whether she was confined to a hospital, or the expenses incurred. Nor has Milillo provided a single reason why she should not have to provide the requested information.

This Court should require Plaintiffs to provide a description of any care they received as requested in CD Interrogatory No. 11, Milillo to provide the information requested in Giannelli Interrogatory No. 10, and all Plaintiffs to provide a release for their medical treatment records, including but not limited to Dr. Ishak's records concerning Milillo.

**C.    Plaintiffs Have Provided Only Vague Information Concerning Their Monetary Damages.**

Plaintiffs maintain that they have provided multiple damages calculations, Opp. at 6, however the damages calculations to date stated only vague, nonspecific information concerning what damages Plaintiffs seek.  For instance, Plaintiff Heller's Interrogatory Response stated: "I seek treble damages for unpaid bonus and damages for sexual harassment including emotional distress and punitive damages in an amount to be determined at trial."  (Opp. at 6).

This lack of precision in Plaintiffs' responses renders them insufficient under the law. (See Motion at 7-8).  Under Local Rule 26.1(b)(1)(a), a plaintiff is required to provide a sworn statement that "itemizes all economic loss and provides a computation of damages for which recovery is sought, if any, sustained before the date of service of process."  Where Plaintiffs assert claims for liquidated damages, such as for back pay, bonuses, and state and federal wage and hour law violations, this Court should order Plaintiffs to detail specific monetary sums allegedly owed.

**D.    The Court Should Order Plaintiffs Johnson and Milillo to Provide Unemployment Compensation Information.**

The Opposition concedes that the law in the First Circuit permits a district court to exercise its discretion to reduce a back pay award by the amount of unemployment compensation collected by a plaintiff.  (See Opp. at 11).  Despite this, Plaintiffs argue that they should not be compelled to produce evidence of collateral sources of income they have received since their termination of employment.

Sound policy reasons support a court's decision to admit evidence of collateral sources of income, such as unemployment compensation, and to offset any back pay award by such amounts.  While the Opposition contends that crediting monies paid to a plaintiff by a third party creates a windfall for the employer, quite the opposite is true.  (Opp. at 10).  Where

- 4 -

unemployment compensation paid does <u>not</u> offset a plaintiff's back pay award, <u>the plaintiff</u> receives a windfall, since absent the employer's termination of her employment, she would not have received the unemployment compensation.  Thus, offsetting back pay by unemployment compensation furthers the legislative purpose behind Title VII's equitable back pay remedy, which is intended to make the plaintiff whole for injuries suffered on account of unlawful employment discrimination – not to punish the employer.  <u>Albemarle Paper Co. v. Moody</u>, 422 U.S. 405, 417-18 (1975); <u>Lussier v. Runyon</u>, 50 F.3d 1103, 1107-08 (1st Cir. 1995) (front pay is an equitable remedy).

Nonetheless, Plaintiffs' focus on whether the Court should offset back pay by unemployment compensation received is an attempt to blur the lines between what evidence is admissible and what is discoverable.  With regard to Corporate Defendants' discovery requests at issue here, Rule 26's broad parameters apply and clearly permit Corporate Defendants to explore such evidence.  If there is a trial in this matter, the Court will at that time have an opportunity to consider the admissibility of the evidence proffered.  At this stage of the proceedings, however, information concerning alternative sources of income Plaintiffs received may lead to the discovery of evidence concerning not only Plaintiffs' damages, but also Plaintiffs' mitigation efforts or lack thereof.  Accordingly, this Court should order Plaintiffs Johnson and Milillo to produce documentation of all collateral sources of income during and after their employment, including any unemployment compensation.

### E.    The Work Product Privilege Does Not Protect Plaintiffs' Written Witness Statement.

Plaintiffs argue that the written statement they obtained from a witness Mary Biscaldi during this litigation is protected from disclosure by the work product doctrine.  This is incorrect. While counsel's notes in preparation for or describing an interview with Ms. Biscaldi arguably

would be privileged, a written statement signed by a witness and not containing any notes of the attorney would not qualify.  Moreover, even if Ms. Biscaldi's statement is granted qualified protection under the work product doctrine, Defendants should be entitled to the statement because they cannot obtain the substantial equivalent through an alternative route.  While Ms. Biscaldi's deposition presumably will reveal some of the information she possess, her witness statement may constitute a prior inconsistent statement which Defendants cannot otherwise obtain.  Thus, in order for Defendants to assess Ms. Biscaldi's credibility and verify the accuracy of her deposition testimony, they must be afforded an opportunity to review her prior statement.  Accordingly, this Court should require Plaintiffs to immediately produce Ms. Biscaldi's statement and any other witness statements they possess.

**III.    THE COURT SHOULD AWARD CORPORATE DEFENDANTS COSTS AND FEES EXPENDED IN FILING THIS MOTION TO COMPEL.**

Plaintiffs failed to suggest any reason why this Court should not order Plaintiffs' counsel to pay Defendants' costs, including attorneys' fees, incurred in filing their Motion pursuant to Rule 37(a)(4).  See Rule 37(a)(4) ("If the motion is granted . . . the court shall . . . require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees") (emphasis added).

**IV.    CONCLUSION**

For the foregoing reasons, and those stated in Defendants' Joint Motion to Compel, Defendants respectfully request that the Court order Plaintiffs to provide full and complete responses to Corporate Defendants' and Defendant Giannelli's written discovery requests, and award Defendants fees incurred in their efforts to obtain complete discovery responses.

Defendants would welcome the opportunity to discuss the discovery issues raised in Defendants'

Joint Motion to Compel during a conference call with the Court.

Dated:  September 23, 2005.          __/s/_  Jeffrey E. Poindexter_____
                                     Jeffrey E. Poindexter, Esq.
                                     BULKLEY, RICHARDSON AND
                                     GELINAS, LLP
                                     Tel.  (413) 272-6232
                                     Fax. (413) 272-6803

                                     Edward S. Mazurek, Esq.
                                     *admitted pro hac vice*
                                     Jamie M. Kohen, Esq.
                                     *admitted pro hac vice*
                                     MORGAN, LEWIS & BOCKIUS LLP
                                     1701 Market Street
                                     Philadelphia, PA 19103-2921
                                     Tel. (215) 963-5019/5472
                                     Fax. (215) 963-5001

                                     *Attorneys for Corporate Defendants*

                                     Christopher O'Hara, Esq.
                                     Tricia Rice, Esq.
                                     Todd & Weld LLP
                                     28 State Street, 31st Floor
                                     Boston, MA  02109

                                     *Attorneys for Louis Giannelli*