UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

KATIE MILLIO, IRENE JOHNSON
JANINE HELLER and TOMAYITA
STEVENSON,                                                          : DOCKET NO. 04-cv-30130-MAP
       Plaintiffs,

v.

ULTRASOUND DIAGNOSTIC SCHOOL
WHITMAN EDUCATION GROUP,
CAREER EDUCATION CORP.,
and LOUIS GIANNELLI,
       Defendants.
_____

**PLAINTIFF MILILLO'S MEMORANDUM OF LAW IN SUPPORT OF HER
MOTION TO QUASH SUBPOENA DIRECTED TO DR. REDA ISHAK**

    The plaintiff Katie Milillo respectfully submits this Memorandum in support of her Motion to Quash the pending subpoena for her medical records and other documents from her treating physician, Dr. Reda Ishak. (See Exhibit 1 attached.)

    The issue of whether this information is reasonably likely to lead to the discovery of admissible evidence has already been briefed and decided by the Court. (See Exhibit 2 attached.) Ms. Milillo incorporates by reference all arguments made with regard to her medical providers and records at pages 3-6 of Plaintiffs' Opposition to the Defendants' Motion to Compel, filed with the Court on September 13, 2005. As previously noted, a litigant's medical records may be protected from disclosure because of a patient's privacy interests. Whalen v. Roe, 429 U.S. 589, 599-600 (1977); see also Caesar v. Mountanos, 542 F.2d 1064, 1067 n. 9 (9th Cir.1977). A Court will balance the relevance of the

requested documents and information against the need for privacy. <u>Fritsch v. City of Chula Vista</u>, 187 F.R.D. 614, 633 (S.D. Calif. 1999).

Suffice it to say, the defendants previously sought the information now sought through the corporate defendants' subpoena to Dr. Ishak. Mr. Giannelli previously sought certain medical information and the Court allowed his motion only "insofar as it seeks medical records with regard to Plaintiff Milillo's treatment for shingles, but otherwise DENYING the request." The information relating to shingles treatment had been provided to the defendants prior to their filing the Motion to Compel. The corporate defendant tried to compel Ms. Milillo sign an intrusive and overbroad medical release which request was addressed by the plaintiff her Opposition to the Defendants' Motion to Compel. The Court denied the defendants' motion to compel with regard to the corporate defendant finding that the information sought was "overly broad and, given the answers otherwise provided Defendants, unlikely to lead to the discovery of admissible evidence." (See id.)

Now the corporate defendant seeks the same irrelevant and intrusive information through a subpoena to Dr. Ishak. It seeks information relating to medical or psychological treatment without limitation, and specifically all of Ms. Milillo's "correspondence, medical records or charts, evidence of medicines prescribed or dispensed, evidence of appointment, and notes or summaries of any medical or psychological advice, treatment, service, counseling or diagnosis provided to her." Ms. Milillo treated with Dr. Ishak for the medical condition of shingles as a result of the harms alleged. She provided a complete set of her

2

doctor's progress notes for that treatment to the defendants. The Court has already determined that information relating to other medical conditions or visits to her doctor are not reasonably likely to lead to admissible evidence here and the pending subpoena to Dr. Ishak should be quashed.[1]

## CONCLUSION

Based on the foregoing, the pending subpoena to Dr. Ishak should be quashed.  In addition, the Court should order the corporate defendants to pay attorney's fees as a sanction for requiring the plaintiff's counsel to quash a subpoena that seeks information previously determined by this Court as "overly broad and, given the answers otherwise provided Defendants, unlikely to lead to the discovery of admissible evidence."

---

[1] The corporate defendant seeks documents from Dr. Ishak relating to "the employment of Ms. Milillo including but not limited to: any application for employment or resume submitted, personnel file, time records, pay records, employment contracts or agreements, performance reviews, disciplinary records, job duties or responsibilities, interview notes, and description of employee benefits either entitled to or received."   Dr. Ishak employed Ms. Milillo for a time.  Assuming, as we must do because the defendants do not articulate why they seek such information from Ms. Milillo's treating health care provider, that that is the reason such information is sought, much of it has been held undiscoverable by Courts finding the information sought is not reasonably calculated to lead to the discovery of admissible evidence.  See  e.g. Malloy v. Wang Laboratories, Inc., 95 F.R.D. 488 (D. Mass. 1982); see also Richmond v. UPS Service Parts Logistics, 2002 WL 7455488 (S.D. Ind. 2002); Thomas v. City of Durham, N.C., 1999 WL 20345, *2 (M.D.N.C. 1999).  Even if the Court were to find that information sought by the defendant falls within the general parameters established under Fed. R. Civ. P. 26(b), the Court should consider the propriety of a protective order under Rules 26(c) and 30(d) in a proverbial fishing expedition such as this. See Carlson Companies, Inc. v. Sperry & Hutchinson Co., 374 F.Supp. 1080 (D.C.Minn. 1974.

3

Dated: October 18, 2005         Respectfully submitted,
                                THE PLAINTIFFS
                                By their attorney,


                                 /s/ Suzanne Garrow
                                Suzanne Garrow BBO # 636548
                                Joel H. Feldman BBO # 552963
                                Heisler, Feldman & McCormick, P.C.
                                1145 Main Street, Suite 508
                                Springfield MA  01103
                                (413)788-7988
                                (413)788-7996 (fax)


CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served by electronic or first class mail upon the attorneys of record for the defendants on October 18, 2005.

                                 /s/ Suzanne Garrow
                                Suzanne Garrow