Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com



Morgan Lewis
COUNSELORS AT LAW

Jamie M. Kohen
215.963.5472
jkohen@morganlewis.com

August 16, 2005

**VIA FACSIMILE (413)788-7996 AND FIRST CLASS MAIL**

Joel H. Feldman, Esquire
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103

Re: *Milillo et al. v. Whitman Education Group* (04-31030-MAP)

Dear Joel:

We are in receipt of your letter dated August 5, 2005, in which you outlined Plaintiff's concerns with Defendants Whitman Education Group and Career Education Corp's ("Corporate Defendants'") written discovery responses. As we promised to do by today, we provide below additional information per your concerns. Corporate Defendants do not waive and hereby incorporate by reference their written objections to the following document requests and interrogatories. Moreover, we reserve the right to further supplement our responses in accordance with the Federal Rules.

**Request 8.** The legal entity of Plaintiffs' employer was Whitman Education Corporation, until that Company was purchased by Career Education Corporation.

**Requests 24-30.** You have requested various information concerning Corporate Defendants' financial position, which is irrelevant to this matter. According to the Civil Rights Act of 1991, which added Section 1981a, punitive damages under Title VII are awarded subject to caps based on the number of employees an entity comprises, not on the value of the Company. See 42 U.S.C. 1981a(b)(3). Because the fact that Career Education Corporation has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year is a matter of public record, Plaintiffs are not entitled to any further information concerning their punitive damages claim under Title VII. Moreover, even as to Mass. Gen. L. ch. 151B, the First

1-PH/2266305.1

**Morgan Lewis**
COUNSELORS AT LAW

August 16, 2005
Page 2

Circuit has held that the defendant bears the burden of demonstrating its net worth if it wishes to reduce a potential damages award. Horney v. Westfield Gage Co., 77 Fed. Appx. 24, 34 (1st Cir. 2003) (citing Fishman v. Clancy, 763 F. 2d 485, 490 (1st Cir. 1985)). Accordingly, a plaintiff is not required to introduce any evidence on the defendant's net worth in order to be awarded punitive damages, and thus Requests No. 24-30 are overbroad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of information that is relevant to the claim or defense of any party or to the discovery of admissible evidence. Corporate Defendants will produce net worth information in accordance with our obligations under Rule 26 to the extent Corporate Defendants intend to rely on such evidence at trial. Subject to and without waiving the foregoing objections, Corporate Defendants respond that Career Education Corporation's 2004 Summary Annual Report is publicly available on the Internet.

**Request 36-37.** Corporate Defendants have produced all non-privileged documents concerning investigations conducted into Plaintiffs' allegations and any responses thereto, to the extent any exist. Corporate Defendants inadvertently omitted the exhibits to Michael Schaefer's investigative report and will produce these exhibits as soon as they are labeled and copied.

**Request 38.** Corporate Defendants already produced documents supporting our claim that Plaintiffs are not entitled to overtime pay. See documents Bates-numbered D01649-2895.

**Request 41.** Any records that exist in the possession of Corporate Defendants regarding allegations of management falsifying student records were already produced.

**Request 42.** Corporate Defendants object to Plaintiffs' narrowed request for a list of all students with loans, as the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of information that is relevant to the claim or defense of any party or to the discovery of admissible evidence. Plaintiffs still have not articulate any way in which this request relates to the subject matter of this lawsuit.

**Request 43.** Corporate Defendants apologize for the inadvertent reference to Request 31 and respond that we have already produced responsive documents. See documents Bates-numbered D00048-96, D00179-481.

**Interrogatory 1.** By way of further response, Career Education Corporation answered the interrogatories.

**Interrogatory 2.** You asked us to confirm definitively that our initial disclosures listed all persons with knowledge, as requested by Interrogatory No. 2. We cannot so confirm. Interrogatory No. 2 requests the identification of each person "who has any knowledge relating to the facts or circumstances of the factual allegations made in the Complaint or in any pleading asserting a claim or defense in this action." In contrast, as you are well aware, Corporate

1-PH/2266305.1

Morgan Lewis
COUNSELORS AT LAW

August 16, 2005
Page 3

Defendants are only required by way of their initial disclosures the names of witnesses upon which we intend to rely. See Fed. R. Civ. Pro. 26(a)(1)(A).

**Interrogatory 11.** Corporate Defendants maintain their objections to this interrogatory.

**Interrogatory 13.** Corporate Defendants object to Plaintiffs' request for a list of all communications wherein any employees have discussed Plaintiffs' employment, as the request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of information that is relevant to the claim or defense of any party or to the discovery of admissible evidence.

**Interrogatory 15.** You asked how defendants reached any decisions on the complaints of the plaintiffs. Corporate Defendants further respond by incorporating by reference their Objections and Responses to Interrogatory Nos. 4-9, which indicate that no Plaintiffs complained as alleged in those interrogatories.

**Interrogatory 24.** Corporate Defendants have already produced all non-privileged responsive documents, to the extent they exist. See documents Bates-numbered D00098-102. Additionally, as noted in our further response to Requests Nos. 36-37, Corporate Defendants will produce the exhibits to Michael Schaefer's investigative report.

**Privilege Log.** We have withheld documentation of an investigation into the written complaints of harassment made by Plaintiffs Milillo and Johnson in the Fall of 2003, on the grounds that they are protected by the attorney-client privilege or Federal Rule of Civil Procedure 26(b)(3), or constitute or reflect the work product of Corporate Defendants' attorneys.

We are confident that this should allay your concerns. Feel free to call me or Ed Mazurek if you have any further questions or concerns.

Sincerely,

Jamie M. Kohen

c:  Edward S. Mazurek, Esquire
    Christopher O'Hara, Esquire

1-PH/2266305.1