UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KATIE MILLIO, IRENE JOHNSON JANINE HELLER and TOMAYITA STEVENSON,<br><br>Plaintiffs,<br><br>v.<br><br>ULTRASOUND DIAGNOSTIC SCHOOL WHITMAN EDUCATION GROUP, CAREER EDUCATION CORP., and LOUIS GIANNELLI,<br><br>Defendants. | )<br>)<br>)<br>)<br>) DOCKET NO. 04-CV-30130-MAP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
DISCOVERY AGAINST LOUIS GIANELLI
AND REQUEST FOR HEARING**

### I.   INTRODUCTION AND STATEMENT OF FACTS

The defendants employed all of the plaintiffs over the last few years. The defendants operated Ultrasound Diagnostic School, a for-profit secondary school which purported to train its students for a career in the medical fields of diagnostic medical sonography, cardiovascular technology, medical assistant training, and surgical technology.

During the plaintiffs' tenure, they observed practices and policies which they believed were unlawful and wrong, including practices aimed at enrolling unqualified students for profit, and failing to adequately train them for their roles as medical

professionals.[1] During the course of their employment, the plaintiffs have alleged that they were subjected to an ongoing campaign of gender and sexual harassment by their supervisor, defendant Louis Gianelli. Plaintiffs further claim harm from a number of serious wage and hour violations whereby defendants practices and policies violated state and federal laws.

The plaintiffs have brought claims in this case for Mr. Gianelli's violations of the state and federal anti-discrimination laws by creating and fostering a sexually and gender hostile work environment, wrongful treatment and constructive discharge in violation of Massachusetts laws and public policy, for compensatory and treble damages under the Massachusetts laws prohibiting non-payment of wages, G.L. c. 149 § 148, and under the Fair Labor Standards Act.

The plaintiffs served the defendants with written discovery in April, 2005 and received responses thereafter. They now move this court for adequate responses to their requests, as delineated below.

## II.    ARGUMENT

The plaintiffs will note the written discovery request and response (or groups of requests and responses) and then provide argument below.

### A.    REQUESTS FOR THE PRODUCTION OF DOCUMENTSTO DEFENDANT GIANELLI

**REQUEST NO. 24**

For purposes of calculating punitive damages, defendant(s) state and federal income tax returns for the most recent five years in which they have been filed.

**RESPONSE NO. 24**

---

[1] The facts described in this Memorandum are drawn from the plaintiffs' complaint in this case, unless otherwise noted.

2

Mr. Giannelli incorporates by reference General Objection No.4 above. Mr. Giannelli objects to this Request on the grounds that it seeks state tax returns in violation of G. L. c. 62C § 21. Mr. Giannelli further objects to this Request to the extent it seeks federal tax returns on the grounds that there is a qualified right to confidentiality the plaintiff has failed to make a showing of need beyond mere relevance to overcome this right.

**REQUEST NO. 25**

For purposes of calculating punitive damages, all documents reflecting defendant(s) current assets and/or liabilities and net worth.

**RESPONSE NO. 25**

Mr. Giannelli incorporates by reference his General Objections Nos. 1-4 above. Mr. Giannelli further objects to this Request on the grounds that it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST NO. 26**

For purposes of calculating punitive damages, all documents reflecting for each of the past three years the gross revenues, expenses and profits and/or losses incurred by defendant(s).

**RESPONSE NO. 26**

Mr. Giannelli incorporates by reference his General' Objections Nos. 1-4 above. Mr. Giannelli further objects to this Request on the grounds that it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST NO. 27**

For purposes of calculating punitive damages, a copy of defendant(s) most recent net worth statement prepared by or for you.

**RESPONSE NO. 27**

Mr. Giannelli incorporates by reference his General Objections Nos. 1-4 above. Mr. Giannelli further objects to this Request on the grounds that it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST NO. 28**

For purposes of calculating punitive damages, a copy of any appraisal, conducted at any time since January 1,2000, of any business or personal or real property owned by defendant(s).

**RESPONSE NO. 28**

Mr. Giannelli incorporates by reference his General Objections Nos. 1-4 above. Mr. Giannelli further objects to this Request on the grounds that it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST NO. 29**

For purposes of calculating punitive damages, a copy of all 2003 and 2004-current year-end statements reflecting the account number and balance of any accounts owned by defendant(s), including savings, checking, annuities, or mutual, stock or bond funds.

**RESPONSE NO. 29**

Mr. Giannelli incorporates by reference his General Objections Nos. 1-4 above. Mr. Giannelli further objects to this Request on the grounds that it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST NO. 30**

For purposes of calculating punitive damages, a copy of all 2002- current year-end statements reflecting the account number and balance of any loans or indebtedness owned by you, including but not limited to mortgages or tax liens.

**RESPONSE NO. 30**

Mr. Giannelli incorporates by reference his General Objections Nos. 1-4 above. Mr. Giannelli further objects to this Request on the grounds that it seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

<u>ARGUMENT ON REQUESTS 24-30</u>

As to Requests No. 24-30, because the plaintiffs seek and may be awarded punitive damages under both state and federal law, the defendants' financial position is discoverable. *See TXO Prod. Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 464 (1993); *Labonte v. Hutchins & Wheeler*, 424 Mass. 813, 827 (1997). Federal courts have routinely determined that a detailed inquiry into the size of the defendants' business and the defendants' financial worth is relevant to the amount of punitive damages awarded. *Eichenseer v. Reserve Life Ins. Co.*, 934 F. 2d 1377, 1383 (5th Cir.), cert. den., 499 U.S.

914 (1991); *Rodgers v. Fisher Body Division, General Motors Corp.*, 739 F. 2d 1102, 1109 (6th Cir.1984) (holding that jury in employment discrimination case was properly instructed "that the financial resources of defendant could be considered in fixing the amount of (punitive) damages"); *Littlefield v. McGuffey*, 954 F.2d 1337, 1349 (7th Cir. 1992); *Hollins v. Powell*, 773 F. 2d 191, 198 (8th Cir. 1985), cert. den., 475 U.S. 1119 (1986) ("in assessing punitive damages, it is appropriate to consider a defendant's net worth"); *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 213 (9th Cir. 1988) (jury was properly instructed that it could consider defendants' net worth to determine punitive damages). The First Circuit has stated that punitive damages must be enough to "smart" *Rowlett v. Anheuser Busch, Inc.*, 832 F.2d 194, 207 (1st Cir. 1987). *See also Luciano v. The Olsten Corporation*, 110 F. 3d 210, 221 (2d. Cir. 1997). Therefore, a plaintiff is entitled to know the defendants' net worth to provide evidence as to what will "smart" to a particular employer.

Information about assets owned by the defendants is particularly relevant because it reveals the defendants' potential income from those operations. *See Phillips v. Hunter Trails Community Ass'n*, 685 F. 2d 184, 191 (7th Cir. 1982); *Davis v. The Mansards*, 597 F. Supp. 334, 347 (N.D. Ind. 1984). *See also, Caruso v. Coleman*, 157 F.R.D. 344, 348-49 (E.D. Pa. 1994)(reviewing the federal cases on the issue and determining that the plaintiff was entitled to financial records in accordance with the majority rule).

Finally, it is not premature for a plaintiff to seek the defendants' financial information before liability is proven. *Baker v. CNA Insurance Co.*, 123 F.R.D. 322, 330 (D. Mont. 1988) (distinguishing between the admissibility of evidence pertaining to punitive damages, and the right of a claimant to seek information pertaining to the

5

financial condition of a defendant prior to trial in order to prepare his case as to damages, which does require not that a prima facie case be shown). *St. Joseph's Hospital v. INA Underwriters Insurance Co.*, 117 F.R.D. 24, 25-26 (D. Me. 1987); *Security Insurance Co. of Hartford v. Meyer Trading Co.*, No. 86-4522, slip op. (E.D. Pa. Mar. 20, 1987) (available on LEXIS, 1987 U.S. Dist. LEXIS 14066); *Marsillo v. National Surety Corp.*, 112 F.R.D. 692, 696 (D. Mont. 1986); *Tillery v. Lynn*, 607 F. Supp. 399, 402-03 (S.D.N.Y. 1985); *Vollert v. Summa Corp.*, 389 F. Supp. 1348, 1351 (D. Hawaii 1975) ("not premature for plaintiff to demand discovery of any financial information relevant to the question of punitive damages"); *Hoffman v. Sterling Drug, Inc.*, 375 F. Supp. 850, 857 (M.D. Pa. 1974); *Hughes v. Groves,* 47 F.R.D. 52 (W.D. Mo. 1969) ("The law...is well settled...that] [I] information regarding damages is as discoverable as is that which pertains to liability.....No prima facie showing in punitive damages is required to justify discovery.")

  The plaintiffs acknowledge that the information includes that which the defendant may wish to remain private, but to address this situation, the parties have signed a confidentiality stipulation.  The information provided will be used only as part of this litigation and will remain confidential.

  It is not clear that, under state law, the defendant has the burden of proving net worth at trial.  *See, e.g., Beaupre v. Smith & Associates*, 50 Mass. App. Ct. 480 (2000)(Appeals Court determines that judge's refusal to limit punitive damages jury instruction to consideration solely of present net worth only was not error).   Regardless, though, whether the net worth is related to a claim or a defense, the defendant *may* introduce evidence of net worth,  and the plaintiffs are entitled to explore this relevant

6

information, like any other piece of relevant information, during discovery. As the cases above note, the majority of courts require the production of net worth information during discovery, with a decision about the use of the information at trial made at a later time.

The parties are in discovery now. There should not be a need to provide the information at a second stage of discovery after trial, especially given the confidentiality stipulation in place among all parties. The information requested cannot be obtained from other sources. The information should be provided.

**REQUEST NO. 43.**

Any and all policies, policy statements or manuals which relate in any way to any policy or practice of the defendants which could effect any employee of the defendants that was in effect while any of the plaintiffs were employed by the any of the defendants.

RESPONSE 43.

Mr. Giannelli objects to this request on the grounds that it is overly broad, unduly vague and seeks documents that are neither relevant nor likely to lead the discovery of admissible evidence.

ARGUMENT ON REQUEST 43

With this request, the plaintiffs seek to determine the policies and statements of the defendants concerning gender discrimination and sexual harassment. Additionally, the plaintiffs seek the policies of the defendants concerning ethical violations or actions conducted by employees which are illegal. The claim of the plaintiffs among others is that they were constructively discharged after complaining about illegal or unethical activity by employees of the defendants. They have also raised wage and payment issues, equal employment claims and claims concerning the employee practices of the

defendants. The policies of the defendants are relevant to these issues and should be produced.

### III.    CONCLUSION

For the reasons noted above, the plaintiffs request that the defendants produce responses to the Interrogatories and Requests for the Production of Documents noted above.

|  |  |
|---|---|
|  | THE PLAINTIFFS<br>By their attorneys,<br><br>_____<br>Joel Feldman |
| I hereby certify that a<br>true copy of the above<br>document was served upon<br>the defendants' attorneys<br>by mail (by hand) on<br>_____. | BBO # 552963<br>Suzanne Garrow<br>BBO # 636548<br>Heisler, Feldman & McCormick<br>1145 Main Street, Suite 508<br>Springfield MA  01103<br>(413)788-7988<br>(413)788-7996 (fax) |
| _____ |  |
| Dated:_____ |  |