UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
:
KATIE MILILLO, IRENE JOHNSON :
JANINE HELLER and TOMAYITA :
STEVENSON, : DOCKET NO. 04-cv-30130-MAP
      Plaintiffs, :
:
v. :
:
ULTRASOUND DIAGNOSTIC SCHOOL :
WHITMAN EDUCATION GROUP, :
CAREER EDUCATION CORP., :
and LOUIS GIANNELLI, :
      Defendants. :
_____ :

**PLAINTIFF JOHNSON'S OPPOSITION TO
DEFENDANTS' PROPOSED DOCUMENTS AND "SCHEDULE" OF FEES**

Plaintiff Irene Johnson respectfully submits this opposition to the defendants' Proposed Document and Schedule of Fees. The Court has allowed the defendants to file "a schedule of fees for their past efforts and that part of the instant motion made necessary by Plaintiff Johnson's failure to provide a verified response." (Court's Order dated October 5, 2005.) What defendants have done instead is file an unsubstantiated, unspecific and grossly inflated request for fees that could not possibly be limited to efforts to get Ms. Johnson's verified Interrogatory responses.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

The Court is well versed in the facts of this case. The procedural posture relevant to the instant matter is derived from the defendants' footnote 4 of their motion to compel. To elaborate further: on June 30, 2005, the corporate

defendant sent a three-page letter to counsel for the plaintiffs regarding a number of varied discovery issues in which four sentences referred in part to Ms. Johnson's failure to provide verified Interrogatory responses.

In a two-page letter dated July 8, 2005, from corporate counsel to plaintiff's counsel regarding various outstanding discovery and deposition schedules, two sentences were devoted to the failure of Ms. Johnson to provide a signed verification for her Interrogatory responses.

On July 20, 2005, counsel for Mr. Giannelli sent a two page, nine paragraph letter relating to outstanding discovery disputes. In that letter, one and a half sentences were devoted to Ms. Johnson's Interrogatory verification. Finally, in a letter dated July 28, 2005, two sentences were devoted to Ms. Johnson's Interrogatory verification. One of the two sentences was substantially similar to the full sentence in the July 20, 2005 letter.

In their 11-page Motion to Compel, approximately the equivalent of one page is devoted to Ms. Johnson's verification. About a quarter of the page simply quotes the applicable Federal Rule of Civil Procedure 33(b)(1) and (2). Finally, in the defendants' 7-page reply to the plaintiffs' Opposition to the Motion to Compel, one paragraph was dedicated to seeking Ms. Johnson's Interrogatory verification.

**II.    ARGUMENT**

**A. The Schedule of Fees Should be Denied in its Entirety Because it is Legally Insufficient.**

The Court should deny the defendants' fee schedule in its entirety. Neither the attorney for Mr. Giannelli nor corporate counsel submitted

contemporaneous time records and other documents in support their claim for fees.  They similarly failed to provide any support for the reasonableness of their alleged hourly rates.[1]  Counsel's failure to submit contemporaneous time records and other documentation in support of their claim of fees "except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance." Phetosomphone v. Allison Reed Group, Inc. 984 F.2d 4 (1st Cir. 1993) (citing Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 (1st Cir.1984)).  In Phetosomphone the First Circuit found that a list with dates that counsel worked on the matter, without contemporaneous time records but with a description of services and an amount due, was an inadequate accounting and the request for fees was denied absent sufficient documentation including contemporaneous time records.  Id.

      The defendants here provide even scantier support of their claim for fees than even the insufficient support provided by counsel in Phetosomphone and their claim for fees should be denied on that basis.  On page 2 of the defendants' Schedule of Fees they merely state that they each sent correspondence between counsel, which correspondence is attached to defendants' Motion to Compel at Exhibit E, and filed a motion to compel and reply.   Counsels summarily total their time and fees on pages 2-3 of the Schedule of Fees – without itemization.

---

[1] For fee awards by a Court, attorney hourly rates are generally determined by a Court by considering evidence and the Court's knowledge of attorney hourly rates in the Court's market area, here Springfield Massachusetts, and the attorney's experience.  Wojtkowski v. Cade, 725 F.2d 127, 131 (1st Cir. 1984).The defendants have provided no evidence in support of either attorney's claimed hourly rate.  The attorneys have failed to provide evidence of their background, experience or competence.  It is the applicant's burden to show appropriateness of hours expended and hourly rates.  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).
Moreover, a claim of $300 per hour for a junior associate attorney such as Attorney Kohen is plainly excessive.

Finally, counsel for Mr. Giannelli and the corporate defendants submit conclusory Declarations with their Schedule of Fees. The defendants' counsel inappropriately expects the Court to look at their work product and assign its own times to each task and determine if the aggregate time claimed by counsel is excessive. The First Circuit affirmed a disallowance of an attorney's fees in their entirety when faced with a similar approach. Phetosomphone, 984 F.2d at 11 note 5. The Court should therefore deny the wholly inadequate schedule of fees claimed here.[2]

### B. The Fees Requested Should be Drastically Reduced Because the Amounts are Grossly Inflated.

If the Court declines to deny the claim for fees in its entirety, it should appreciably reduce the attorneys' fee award given the unreasonable amount of fees sought. "A Court is, of course always free to eliminate excessive or unproductive hours, see, e.g., Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992) and assign more realistic rates to time spent, see, e.g. Brewster [v. Dukakis], 3 F.3d [488,] at 492 [(1st Cir. 1993)]." Coutin, 124 F.3d at 336. The amount awarded may be substantially different than the amount claimed by counsel. Id.

There can be no other conclusion than that a claim of 5.5 attorney hours as time expended for getting a verification page from Ms. Johnson is unreasonable. To be most generous to defendants, as demonstrated by defendants' correspondence attached to defendants' Motion to Compel at Exhibit

---

[2] If the Court does not deny the inadequate schedule of fees in its entirety, it should appreciably reduce the award for the failure to provide adequate documentation. Hensley v. Eckerhart, 461 U.S. at 433. Any lack of specificity in tasks performed should be resolved against the applicant. See Phetosomphone, 984 F.2d at 8.

4

E, prior to filing a Motion to Compel, the defendants devoted about **eleven sentences** (equal to under half of this page) of **almost eight full pages** of correspondence to the issue of Ms. Johnson's signed verification. The balance of the correspondence related to various discovery disputes between the parties.

In their **eleven page** Motion to Compel, approximately the equivalent of **one page** is devoted to Ms. Johnson's verification. About a quarter of that page simply quotes the applicable Federal Rule of Civil Procedure 33(b)(1) and (2). There is no evidence that any research was required to complete this portion of the Motion, nor did the defendants cite to any cases in support of their claim. The entirety of their argument is that they were owed a verification for the previously answered Interrogatories – that has never been in dispute. Finally, in the defendants' **seven page** reply to the plaintiffs' Opposition to the Motion to Compel, **one paragraph** was dedicated to seeking Ms. Johnson's Interrogatory verification. Repeating the argument relating to the verification was unnecessary because the plaintiffs made no attempt to dispute the defendants' right to a verification. Nonetheless, being most generous here again, **a total of about a page and a third of eighteen pages of the legal memoranda** submitted by the defendants addressed the issue of Ms. Johnson's signed Interrogatory verification.

There is no conceivable way that attorneys of any level of experience could possibly justify 5.5 hours of time or $1650.00 in clamed charges on a discrete and undisputed discovery issue and the Court should find the hours and

charges claimed excessive and substantially reduce any award of attorneys' fees.

## III.     CONCLUSION

Based on the foregoing, the Court should deny the defendants' Proposed Document and Schedule of Fees.  In the alternative, the Court should significantly reduce the amount of any fee award and not require Ms. Johnson to pay any award by the Court until the conclusion of the litigation.[3]

>
> Respectfully submitted,
>
> THE PLAINTIFFS
> By their attorney,
>
>  /s/ Suzanne Garrow
> Suzanne Garrow BBO # 636548
> Joel H. Feldman BBO # 552963
> Heisler, Feldman & McCormick, P.C.
> 1145 Main Street, Suite 508
> Springfield MA  01103
> (413)788-7988
> (413)788-7996 (fax)

Dated: October 21, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served by electronic mail and first class mail where necessary upon the attorneys of record for the defendants on October 21, 2005.

> /s/ Suzanne Garrow
> Suzanne Garrow

---

[3] Ms. Johnson is in very dismal personal financial circumstances.  It has been difficult for her to find comparable employment since her constructive termination from defendants' employment.  In an attempt to find alternate employment has been attending full-time nursing school and working part-time.  Her income is limited, she receives financial assistance and is a single motion of two children, both of whom live with her.  (See Exhibit A.)