IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATIE MILLIO, IRENE JOHNSON, JANINE HELLER and TOMAYITA STEVENSON, <br><br> *Plaintiffs,* <br><br> vs. <br><br> WHITMAN EDUCATION GROUP, INC., CAREER EDUCATION CORPORATION, ULTRASOUND DIAGNOSTIC SCHOOL and LOUIS GIANELLI, <br><br> *Defendants.* | CASE NUMBER: 04-30130-MAP |

**DEFENDANTS WHITMAN EDUCATION GROUP, INC.,
CAREER EDUCATION CORPORATION, and ULTRASOUND
DIAGNOSTIC SCHOOL'S OPPOSITION TO PLAINTIFF MILILLO'S
MOTION TO QUASH SUBPOENA DIRECTED TO DR. REDA ISHAK**

Defendants Whitman Education Group, Inc., Career Education Corporation and Ultrasounds Diagnostic School (hereinafter "Defendants"), by and through the undersigned counsel, hereby submit this Opposition to Plaintiff's Motion to Quash their Subpoena directed to Dr. Reda Ishak ("Motion") [dkt #38].

**I.     INTRODUCTION**

The subpoena to Dr. Reda Ishak at issue requests both Milillo's medical records and employment records. Dr. Ishak was both Milillo's health care provider and her former employer, a fact conveniently relegated to a footnote in Plaintiff's Motion. As revealed in discovery, Dr. Ishak treated Milillo for shingles allegedly associated with stress at the time Milillo resigned from Ultrasound Diagnostic School ("UDS"). Dr. Ishak also employed Milillo after her resignation from UDS.

As to the records of Dr. Ishak's treatment of Milillo for shingles, the Court previously determined that they were discoverable. Defendants' subpoena accords with the Court's finding that given Milillo's claim "for the medical condition of shingles as a result of the harms alleged," (Mot. at 2), Defendants are entitled to review the complete records of such treatment – and not just those upon which Plaintiff intends to rely.

The records concerning Milillo's employment post-termination relate directly to her damages and mitigation efforts, and undoubtedly are subject to discovery. Plaintiff's Opposition suggests no basis upon which these records would fall outside the bounds of Rule 26. The Court should decline to quash the subpoena, which is a legitimate vehicle for discovery.

## II.    DEFENDANTS ARE ENTITLED TO MILILLO'S MEDICAL RECORDS FROM DR. ISHAK.

As Plaintiff's Motion noted, the issue of whether Defendants are entitled to Plaintiffs' medical records and information has been addressed in prior briefing to the Court. (See Defendants' Joint Motion to Compel [dkt #26], Plaintiffs' Opposition [dkt #31], and Defendants' Reply [dkt #33]).[1] While the Court denied Corporate Defendants' request for broad-based medical information, the Court granted the Motion as to Milillo's medical records with regard to Dr. Ishak's treatment of shingles. As it stated:

> DENYING Corporate Interrogatory No. 11 as overly broad and, given the answers otherwise provided Defendants, unlikely to lead to the discovery of admissible evidence; ALLOWING Gianelli Interrogatory No. 10 insofar as it seeks medical records with regard to Plaintiff Millio's treatment for shingles, but otherwise DENYING the request;

(Order, dated October 5, 2005).

Plaintiff nonsensically suggests that the Court did not order the disclosure of the complete file of Dr. Ishak shingles treatment records because "[t]he information relating to

---

[1] While Plaintiff continues to assert the privacy of her shingles treatment records, (Mot. at 1), Plaintiff has definitively waived any privilege or privacy right by producing Dr. Ishak's "progress notes" of the treatment.

- 2 -

shingles treatment <u>had been provided to the defendants prior to their filing</u> the Motion to Compel" (emphasis added).  Plaintiff is wrong.  The Court recognized that Milillo's production of the set of "progress notes" of Dr. Ishak likely represents only a portion of the medical file held by Dr. Ishak concerning her care of Milillo's shingles.  Accordingly, the Court ruled that all medical records with regard to Milillo's treatment for shingles were subject to discovery.  If all of the information relating to shingles treatment already had been provided, <u>the Court would have denied as moot the Motion as to the shingles records</u>.  The Court's Order authorizes Defendants to seek the disclosure of the records, and Plaintiff's Motion to Quash should be denied.

### III.  MILILLO HAS NO BASIS FOR PREVENTING DISCOVERY INTO HER POST-TERMINATION EMPLOYMENT RECORDS.

Defendants' request for Milillo's post-termination employment records is directly related to Milillo's constructive discharge claim and falls well within the bounds of Rule 26.  As Plaintiff admits, "Dr. Ishak employed Ms. Milillo for a time." (Mot. at 3 n. 1).  Accordingly, records concerning Milillo's application, pay, job responsibilities, termination and other employment information bear directly on Milillo's damages mitigation in the wake of her constructive discharge claim.[2]

Plaintiff's contention that this Court in <u>Malloy v. Wang Labs.</u>, 95 F.R.D. 488 (D. Mass. 1982), determined that the information Defendants seek was undiscoverable is blatantly false.  In <u>Malloy</u>, the Court was not even considering the discoverability of the plaintiff's post-termination employment records.  <u>Id.</u> at 489.  Rather, the Court's opinion is narrowly focused on whether the plaintiff had to respond to deposition questions concerning complaints of discrimination she asserted at a former workplace.  <u>Id.</u>  Similarly, <u>Thomas v. City of Durham</u>, Civ. A. No.

---

[2] In conferring on this Motion, Plaintiffs' counsel conceded that post-termination employment mitigation information might be relevant, but asserted that Defendants are not entitled to discovery information concerning any

1:98CV00706, 1999 WL 203453 (M.D.N.C. April 6, 1999), is inapposite because it addressed discovery of <u>other</u> employees' personnel files.  Likewise, <u>Richmond v. UPS Serv. Parts Logistics</u>, Civ. A. No. IP01-1412-C-K/H, 2002 WL 745588 (S.D. Ind. April 25, 2002), addressed discovery of the plaintiff's <u>previous</u> employers' records, which is not the issue here.  Plaintiff simply provides no basis upon which this Court should quash the subpoena for employment records, and her Motion on this score should be denied.

## IV.     **CONCLUSION**

For the foregoing reasons, and those stated in Defendants' Motion to Compel, the Court should not quash Defendants' Subpoena to Dr. Ishak.  Moreover, the imposition of an attorneys' fees sanction in this instance would be unconscionable, given Defendants' right to the legitimate discovery they are pursuing.

Dated:  November 1, 2005.

The Defendants,
WHITMAN EDUCATION GROUP, INC.,
CAREER EDUCATION CORPORATION,
ULTRASOUND DIAGNOSTIC SCHOOL,
By Their Attorneys:

/s/ Jeffrey E. Poindexter
Jeffrey E. Poindexter, Esq.
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA  01115-5507
Tel.  (413) 272-6232
Fax. (413) 272-6803

Edward S. Mazurek, Esq.
*admitted pro hac vice*
Jamie M. Kohen, Esq.
*admitted pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel. (215) 963-5019/5472
Fax. (215) 963-5001

---

discipline of Plaintiffs.  This distinction is untenable.  A plaintiff's actions subjecting her to discipline and therefore affecting her status and tenure in employment relate directly to her damages mitigation.

- 4 -