IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATIE MILLIO, IRENE JOHNSON, JANINE HELLER and TOMAYITA STEVENSON,<br><br>*Plaintiffs,*<br><br>vs.<br><br>WHITMAN EDUCATION GROUP, INC., CAREER EDUCATION CORPORATION, ULTRASOUND DIAGNOSTIC SCHOOL and LOUIS GIANELLI,<br><br>*Defendants.* | CASE NUMBER: 04-30130-MAP |

## DEFENDANT GIANNELLI'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendant Louis Giannelli submits this Opposition to Plaintiffs' Motion to Compel the Production of Documents. Plaintiffs seek the production of the following documents: (1) company policy manuals in Mr. Giannelli's personal possession, custody or control; and (2) financial information concerning Mr. Giannelli's net worth. As discussed below, Plaintiff's Motion should be denied in its entirety.

I.   Request No. 43 – Policy Manuals

Request No. 43 seeks "any and all policies, policy statements or manuals which relate in any way to any policy or practice of the defendants which could effect any employee of the defendants that was in effect while any of the plaintiffs were employed by any of the defendants." Mr. Giannelli objected to this request because it is over broad, unduly vague, and seeks documents that are not relevant nor likely to lead to admissible evidence. As drafted, the Plaintiffs are seeking every document concerning every policy – including potentially policies

on such minute details as trash collection. Mr. Giannelli informed Plaintiffs during the Rule 7.1 consultation that he is willing to produce (to the extent he has any such document in his possession, custody or control) employee handbooks and any policies that related to payment of wages and/or bonuses to the plaintiffs, and equal employment opportunities. These, notably, are the very same policies that the Plaintiffs allege were violated. Mr. Giannelli asked that if the Plaintiffs had other specific policies in mind, that they provide him with such information. Notwithstanding Mr. Giannelli's reasonable offer of compromise, Plaintiffs now move to compel the production of documents responsive to their original request.

The Plaintiff's Motion should be denied. First, the Plaintiff fail to even inform the Court of Mr. Giannelli's proposed compromise. Second, the Plaintiffs do not offer a single reason why they required policies beyond the ones offered by Mr. Giannelli. As such, the Motion to Compel should be denied.

II.     Requests No. 24-30 Concerning Mr. Giannelli's Net Worth

Plaintiffs seek to compel documents concerning Mr. Giannelli's net worth, including personal tax returns and bank account statements, among other documents. Plaintiffs claim they are entitled to these documents because if they get past summary judgment, get to trial, and ultimately prevail, then (and only then) may they potentially recover punitive damages. As such, Plaintiffs argue that they should have access to Mr. Giannelli's personal financial documents and net worth information during discovery. Respectfully, the Plaintiffs' request misstates the burden of proof and is premature.

Even with a claim allowing for the potential award of punitive damages, Plaintiffs are not entitled to Mr. Giannelli's state tax returns. See M.G.L. c. 62C § 21. Nor are the Plaintiffs entitled to his federal tax returns. Mr. Giannelli has a qualified right to confidentiality and,

before any such documents are produced, the Plaintiffs must make a showing of need beyond mere relevance. The Plaintiffs have made no such statement. Moreover, as the Court held in Pedraza v. Holiday Housewares, Inc., 203 F.R.D. 40 (D. Mass. 2001), the plaintiff in an employment discrimination suit is not entitled to the individual defendant's tax returns simply because there is a claim of punitive damages. As Judge Gorton eloquently stated "[t]he incursion into the defendants' privacy that would stem from the production of their tax returns is unjustified given (1) the tenuous link between the returns and the purpose to which [the Plaintiff] would put them and (2) the availability of similar information through alternative means (such as credit reporting agencies)." Id. at 43.

Nor are the Plaintiffs entitled to other documentation concerning his net worth at this stage of the litigation. Mr. Giannelli's net worth is not an element that the Plaintiffs need to prove to establish punitive damages. It is actually the Defendant's burden to establish his net worth in an attempt to limit any potential damages award. See Horney v. Westfield Gage Co., Inc., 77 Fed. Appx. 24 (1st Cir. 2003); Saltzberg v. Medical Weight Loss Center, Inc., 59 Mass. App. Ct. 1110, 2003 WL 22510331 (Nov. 5, 2003). As such, Mr. Giannelli will produce net worth information in accordance with our obligations under Rule 26 to the extent Mr. Giannelli intends to rely on such evidence at trial. The Plaintiffs simply have no need to discover this information. Accordingly, the Motion to Compel should be denied for this reason alone.

Moreover, many courts limit any such discovery until at or after trial. See *e.g.* Wilson v. Gillis Advertising Co., 145 F.R.D. 578 (N.D. Ala. 1993) (denying employee's motion to compel production of financial documents; employer ordered to produce under seal to Court before trial financial information to be shared with plaintiff after finding of liability); John Does I-VI v. Yogi, 110 F.R.D. 629 (D.D.C. 1986) (precluding disclosure of defendant's financial information

3

until necessary to prove punitive damages). There is no reason for the Plaintiffs to have access to Mr. Giannelli's private finances at this stage of the litigation other than to harass and intimidate him.

Respectfully submitted,

LOUIS GIANNELLI

By his attorneys,

/s/ Christopher R. O'Hara
Christopher R. O'Hara (BBO# 548611)
Tricia A. Rice (BBO# 633556)
TODD & WELD LLP
28 State Street - 31st Floor
Boston, MA 02109
(617) 720-2626

Dated: November 3, 2005

4