IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATIE MILLIO, IRENE JOHNSON, JANINE HELLER and TOMAYITA STEVENSON,<br><br>*Plaintiffs,*<br><br>vs.<br><br>WHITMAN EDUCATION GROUP, INC., CAREER EDUCATION CORPORATION, ULTRASOUND DIAGNOSTIC SCHOOL and LOUIS GIANELLI,<br><br>*Defendants.* | CASE NUMBER: 04-30130-MAP |

**DEFENDANTS WHITMAN EDUCATION GROUP, INC., CAREER EDUCATION CORPORATION, and ULTRASOUND DIAGNOSTIC SCHOOL'S OPPOSITION TO PLAINTIFF MILILLO'S MOTION TO QUASH AND FOR A PROTECTIVE ORDER**

Defendants Whitman Education Group, Inc., Career Education Corporation and Ultrasounds Diagnostic School ("UDS"), (hereinafter collectively "Corporate Defendants"), by and through the undersigned counsel, hereby submit this Opposition to Plaintiff's Motion to Quash and For a Protective Order [dkt #45] and the Memorandum filed in support thereof ("Memo") [dkt #46].

**I.    INTRODUCTION**

In this suit, Milillo and Johnson allege that they were constructively discharged from their employment with UDS in violation of Massachusetts public policy. (See Compl. ¶¶ 73-76). For this reason, Corporate Defendants have sought discovery, including via third-party subpoenas, concerning Milillo and Johnson's damages and mitigation efforts.

The Motion seeks to quash three subpoenas Corporate Defendants served on Milillo's employers subsequent to her resignation, which requested:[1]

> Any and all documents relating to [Milillo's employment] including, but not limited to: any applications for employment or resumes submitted, personnel files, time records, pay records, employment contracts or agreements, performance reviews, disciplinary records, descriptions of job duties or responsibilities, interview notes, and description of employee benefits either entitled to or received.

Recognizing that she lacks any basis to quash the subpoenas, Milillo in the alternative requests that the Court limit the subpoenas to information "related to the financial compensation and other employee benefits provided to Ms. Milillo." (Memo at 2).

Because this Court previously determined that subsequent employer records were discoverable, and because the records requested relate directly to Plaintiff's damages and mitigation efforts, the Court should not quash or limit the subpoenas, which are a legitimate vehicle for discovery.

## II.     MILILLO HAS NO BASIS FOR PREVENTING DISCOVERY INTO HER POST-TERMINATION EMPLOYMENT RECORDS.

### A.     This Court Already Ruled that Information Concerning Subsequent Employment Is Discoverable.

Corporate Defendants' request for Milillo's post-termination employment records is directly related to Milillo's constructive discharge claim and falls well within the bounds of Rule 26, as this Court previously ruled.

In an earlier Motion to Quash Subpoena directed to Dr. Reda Ishak [dkt #38], Milillo argued that Corporate Defendants were not entitled to discovery of records concerning her

---

[1] The Motion notes that Corporate Defendants already received records from Wing Memorial Hospital concerning Johnson. (Memo at 2, n.1). Additionally, to date Corporate Defendants also have received records from Premier Education Group concerning Milillo. Plaintiff's Motion to Quash therefore is moot as to these employers,

employment with Dr. Ishak subsequent to her UDS resignation. Corporate Defendants' subpoena to Dr. Ishak had requested the same employment information as the subpoenas currently at issue (cited above). This Court denied Milillo's Motion as to these employment records, correctly holding that "Defendants may reissue a subpoena which seeks only Ms. Millio's (1) post-termination employment records. . ." (Order dated November 2, 2005). Thus, this issue already has been resolved by the Court and the law of the case should stand.

### B. Information Concerning Subsequent Employment Is Clearly Relevant to Milillo's Damages and Mitigation Efforts.

The Motion first argues that other than pay information, "there can be no possible relevance to any information about [Milillo's] work history at subsequent employers" because the validity of her claims will be determined by the facts concerning the circumstances leading to her resignation. (Memo at 4, n. 3). This argument is frivolous, if not blatantly disingenuous. The realm of appropriate discovery includes not only facts relevant to a finding of liability, but also those concerning a plaintiff's damages and mitigation, for which Milillo's employment records post-resignation are directly related.[2]

Plaintiff further argues that Milillo's privacy interests are violated by Corporate Defendants' pursuit of her subsequent personnel records, but fails to name a single record in her personnel file that would be entitled to such privacy protection. (Memo at 5-6). Despite

---

[2] and she may raise any issues concerning the admissibility of such records in a motion in limine prior to trial.
Milillo's Motion also argues that because Corporate Defendants may question her at deposition concerning her "pay and hours at subsequent employment," they should not be entitled to subpoena records concerning such information. (Memo at 3). This is nonsensical. A witness's testimony concerning her salary and benefits is unquestionably less reliable than actual employment records. Corporate Defendants are not required to accept Milillo's word concerning her pay and hours, but rather are entitled to verify such information with written records. Moreover, Plaintiff's failure to provide all of the subsequent employer information in response to document requests, (Memo at 3), only offers a further basis for permitting the third-party discovery requested.

Milillo's protestation to the contrary, a plaintiff who seeks back pay for employment termination does in fact open herself to inquiry concerning aspects of her subsequent employment. For instance, the following information may be relevant to a plaintiff's damages and/or mitigation efforts: when she applied, what information she presented in the application process, what level position she accepted, whether plaintiff found comparable employment, how many hours she worked, what benefits she was entitled to or received, why she left the employment, whether her performance affected her longevity in the job, and whether she was terminated due to discipline. See, e.g., Cummings v. Std. Register Co., 265 F.3d 56, 66 (1st Cir. 2001) (noting, in considering sustainability of a front pay award, that the plaintiff was laid off by a subsequent employer "through no fault of his own").

Given this clear purpose of the narrowly-focused discovery Corporate Defendants requests, Milillo fails to show why the Court should limit the subpoenas. Her suggestion that Corporate Defendants seek to probe intimate details of her personal life is simply false. The employment information sought by Corporate Defendants' subpoenas is not at all akin to the discovery precluded in Priest v. Rotary, 98 F.D.R. 755, 761 (N.D. Cal. 1983), cited by Plaintiff. In Priest, the court precluded discovery where the "defendant sought to discover detailed information about plaintiff's sexual history, including the name of each person with whom she has had sexual relations in the past ten years." Id. at 756 (emphasis added). Milillo's comparison of an inquiry into a plaintiff's sexual history to the disclosure of subsequent employment records is untenable. Plaintiff provides no basis upon which this Court should quash or limit the subpoena for employment records, and her Motion should be denied.

III. **THE COURT SHOULD GRANT CORPORATE DEFENDANTS FEES IN DEFENDING THIS BASELESS MOTION.**

Given the Court's ruling on November 2, 2005 that employment records concerning Milillo's employment with Dr. Ishak are discoverable, Milillo should have withdrawn this Motion previously filed on October 31. Her failure to do so appears motivated solely to harass Corporate Defendants. Pursuing this Motion in the face of the Court's clear ruling to the contrary, and requiring Corporate Defendants to prepare this Opposition and the Court to expend time and resources entertaining the Motion, warrants the imposition of an attorneys' fees sanction, given Corporate Defendants' obvious right to the legitimate discovery they are pursuing. Accordingly, counsel for Corporate Defendants respectfully requests that the Court grant Corporate Defendants' attorneys' fees in preparation of this Opposition.

IV. **CONCLUSION**

For the foregoing reasons, the Court should not quash Corporate Defendants' Subpoena to Milillo's subsequent employers, and should grant Corporate Defendants fees associated with filing this Opposition.

Dated: November 14, 2005

/s/ Jeffrey E. Poindexter, Esq.
Jeffrey E. Poindexter, Esq.
BULKLEY, RICHARDSON AND GELINAS, LLP
Tel. (413) 272-6232
Fax. (413) 272-6803

Edward S. Mazurek, Esq.
*admitted pro hac vice*
Jamie M. Kohen, Esq.
*admitted pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel. (215) 963-5019/5472
Fax. (215) 963-5001

Attorneys for CEC