## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

KATIE MILLIO, IRENE JOHNSON,
JANINE HELLER and TOMAYITA
STEVENSON,

     *Plaintiffs,*

     vs.

WHITMAN EDUCATION GROUP,
INC., CAREER EDUCATION
CORPORATION, ULTRASOUND
DIAGNOSTIC SCHOOL and LOUIS
GIANELLI,

     *Defendants.*

**CASE NUMBER: 04-30130-MAP**

## CORPORATE DEFENDANTS' MOTION TO COMPEL
## PLAINTIFFS TO PRODUCE FEE AGREEMENTS

### I.    INTRODUCTION

Defendants Whitman Education Group, Inc., Career Education Corporation and

Ultrasound Diagnostic School (collectively "Corporate Defendants") hereby move the Court for

an order requiring Plaintiffs to fulfill their discovery obligations in accordance with Federal Rule

of Civil Procedure 26.  Plaintiffs, all represented by counsel Suzanne Garrow, seek attorney's

fees and costs in this suit, but have refused to produce their fee agreements with counsel.

Accordingly, Corporate Defendants hereby move the Court to compel Plaintiffs to produce the

fee agreements, as previously requested in written discovery.

## II.    FACTUAL BACKGROUND

Corporate Defendants' initial Document Requests, served April 13, 2005, requested the fee agreements between Plaintiffs and counsel. As Request No. 11 stated:

> To the extent you are seeking attorneys' fees and costs, all documents concerning any agreement between you and your attorney for the payment of attorneys' fees and costs in connection with this litigation.

Plaintiffs' production did not include their fee agreements and their written response stated:

> Objection to the extent this request calls for attorney client privileged information and information not reasonably calculated to lead to the discovery of admissible evidence as attorneys' fees are not litigated in this matter and are unrelated to the plaintiffs claims.

See Objections and Responses to Corporate Defendants' Document Requests, attached at Exhibit A. In response, Corporate Defendants sought to discover information concerning the fee agreements and initiation of Plaintiffs' relationship with counsel through deposition testimony. The three of four Plaintiffs already deposed, however, have been unable to recall the dates on which they retained Ms. Garrow or executed a formal fee agreement.

Counsel for Corporate Defendants raised this discovery concern with Plaintiffs' counsel, in an unsuccessful effort to resolve this discovery dispute. Plaintiffs' counsel has refused to produce the requested documents. See Correspondence of Counsel, attached at Exhibit B; Certification of Counsel, attached at Exhibit C. As a result, this Motion followed.

## III.    ARGUMENT

The caselaw overwhelmingly holds that disclosure of attorney's fees arrangements generally does not violate the attorney-client privilege. United States v. Strahl, 590 F.2d 10, (1st Cir. 1979) (noting general rule that the attorney-client privilege does not protect payment of fees); In re Grand Jury Subpoena (Zerendow), 925 F. Supp. 849 (D. Mass. 1995) (compelling an

attorney to answer questions concerning the fee arrangements with his client).  As the court in In re Grand Jury Subpoena (Zerendow) explained:

> "[I]t is unlikely that this case is one of the rare situations in which fee information comes under the attorney-client privilege.  **"It is well recognized in every circuit ... that the identity of an attorney's client and the source of payment for legal fees are not normally protected by the attorney-client privilege."**  In re Grand Jury Subpoenas (Anderson), 906 F.2d 1485, 1488 (10th Cir. 1990);  *see also* United States v. Strahl, 590 F.2d 10, 11 (1st Cir. 1978), *cert. denied,* 440 U.S. 918, 99 S.Ct. 1237, 59 L.Ed.2d 468 (1979).  Disclosure of fee information is not necessarily privileged "even though it *might* incriminate the client."  United States v. Goldberger & Dubin, P.C., 935 F.2d 501, 505 (2d Cir. 1991) (emphasis added).
>
> Despite this general rule, a client's identity or fee arrangement may be privileged "where there is a *strong probability* that disclosure would implicate the client in the very criminal activity for which legal advice was sought."  Anderson, 906 F.2d at 1488 (emphasis added) (citing Strahl, 590 F.2d at 11-12);  see also In re Grand Jury Proceedings (Pavlick), 680 F.2d 1026, 1027 (5th Cir. 1982) (holding that fee information is privileged if it provides the "last link" in an existing chain of incriminating evidence likely to lead to the "client's indictment").

Id. at 855-56 (emphasis added).  See also Cohen v. Brown University, No. Civ. A. 92-1972, 1999 WL 695235, at *5 (D.R.I. May 19, 1999) (fee arrangements not privileged); United States v. Saccoccia, 898 F. Supp. 53, 58 (D.R.I. 1995) (same); United States v. Buitrago-Dugand, 712 F. Supp. 1045, 1048 (D.P.R. 1989) (same); see also, e.g., Montgomery County v. MicroVote Corp., 175 F.3d 296, 304 (3rd Cir. 1999) (same); Maddow v. Proctor & Gamble Co., 107 F.3d 846, 853 (11th Cir. 1997) (upholding district court's order compelling production of the fee agreement because plaintiffs sought attorney's fees); In re Grand Jury Subpoenas (Anderson), 906 F.2d 1485, 1492 (10th Cir. 1990) ("fee arrangements are not protected by the attorney-client privilege."); In re Grand Jury Proceedings Subpoena to Testify to Wine , 841 F.2d 230, 233 n. 3 (8th Cir. 1988) (holding fee arrangements not privileged); In re Grand Jury Subpoena Served

Upon Doe , 781 F.2d 238, 247-48 (2d Cir. 1986) ("We consistently have held that, absent special

circumstances, client identity and fee information are not privileged."); United States v. Ricks,

776 F.2d 455 (4th Cir. 1985) (holding the attorney-client privilege "does not protect from

disclosure fee information"); In re Osterhoudt, 722 F.2d 591, 593 (9th Cir. 1983) ("Fee

arrangements usually fall outside the scope of the privilege"); United States v. Ponder, 475 F.2d

37, 39 (5th Cir. 1973) ("matters involving the receipt of fees from a client" are not privileged).[1]

This is because "[d]isclosure of the fee arrangement does not inhibit the normal communications

necessary for the attorney to act effectively in representing the client." ERA Franchise Sys. v.

Northern Ins. Co. of N.Y., 183 F.R.D. 276 (D. Kan. 1998).[2]

Here, Plaintiffs seek attorney's fees, thus their fee arrangements are relevant.[3] Yet they

refuse to produce their fee agreements, citing the attorney-client privilege. Corporate Defendants

also cannot obtain information on their fee agreements through other means since Plaintiffs

already deposed were unable to recall the requested information. Moreover, Plaintiffs have not

even argued – much less met their burden to demonstrate – that there is a strong possibility that

---

[1]     See also Consol. Health Plans v. Principal Performance Group, Inc., Civ. A. No. 02-1230,
        2003 WL 21406181, *3 (E.D. La. 2003) (holding the fee arrangement is relevant to
        plaintiff's claim for attorney's fees and non-privileged); In re Sheffield , 280 B.R. 719,
        721 (S.D. Ala. 2001) (holding fee arrangements not privileged); Nebraska v. Mullen, 534
        N.W.2d 575, 580 (Neb. 1995) (same); United States v. Grand Jury Matter, 789 F. Supp.
        693, 695 (D. Md. 1992) (same); Duttle v. Bandler & Kass , 127 F.R.D. 46, 52 (S.D.N.Y.
        1989) ("Attorneys' bills and communications regarding retainer agreements are not
        privileged.").

[2]     While Plaintiffs' objection raised only the attorney-client privilege, the attorney work-
        product doctrine also does not protect fee agreements from disclosure. See, e.g.,
        Montgomery County, 175 F.3d at 304; Murrary v. Stuckey's, Inc., 153 F.R.D. 151, 153
        (N.D. Iowa 1993).

[3]     Plaintiffs' depositions also revealed that Plaintiffs may have retained counsel prior to
        their alleged complaints of public policy violations and harassment. Accordingly, the
        dates of Plaintiffs' fee agreements also are relevant insofar as they reveal whether
        Plaintiffs were working with counsel at the time of their complaints.

disclosure of the fee agreement would implicate Plaintiffs in criminal activity. Thus, consistent with the wide consensus of authority holding that the attorney-client privilege does not protect fee agreements from disclosure, Plaintiffs' fee arrangements with counsel must be produced, as requested in Corporate Defendants' Document Request No. 11.

## IV.    CONCLUSION

For the foregoing reasons, Corporate Defendants respectfully request that the Court order Plaintiffs to provide full and complete responses to Corporate Defendants' Document Request No. 11.

Dated:  November 23, 2005.

__/s/_ Jeffrey E. Poindexter_____
Jeffrey E. Poindexter, Esq.
BULKLEY, RICHARDSON AND
GELINAS, LLP
Tel.  (413) 272-6232
Fax. (413) 272-6803

Edward S. Mazurek, Esq.
*admitted pro hac vice*
Jamie M. Kohen, Esq.
*admitted pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel. (215) 963-5019/5472
Fax. (215) 963-5001

*Attorneys for Corporate Defendants*

Christopher O'Hara, Esq.
Tricia Rice, Esq.
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA  02109

*Attorneys for Louis Giannelli*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KATIE MILLIO, IRENE JOHNSON,
JANINE HELLER and TOMAYITA
STEVENSON,

      *Plaintiffs,*

        vs.

WHITMAN EDUCATION GROUP,
INC., CAREER EDUCATION
CORPORATION, ULTRASOUND
DIAGNOSTIC SCHOOL and LOUIS
GIANELLI,

      *Defendants.*

CASE NUMBER: 04-30130-MAP

## ORDER GRANTING MOTION TO COMPEL
## PLAINTIFFS TO PRODUCE FEE AGREEMENTS

      AND NOW this ____ day of _____, 2005, upon consideration of

Defendants' Motion to Compel Plaintiffs to Produce Fee Agreements, and any responses

thereto, it is hereby **ORDERED** that said Motion is **GRANTED**, and Plaintiffs must

produce their fee agreements with counsel in this matter, within three (3) days of this

Order.

                         _____

                                     , J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KATIE MILLIO, IRENE JOHNSON,
JANINE HELLER and TOMAYITA
STEVENSON,

    *Plaintiffs,*

        vs.

WHITMAN EDUCATION GROUP,
INC., CAREER EDUCATION
CORPORATION, ULTRASOUND
DIAGNOSTIC SCHOOL and LOUIS
GIANELLI,

    *Defendants.*

**CASE NUMBER: 04-30130-MAP**

## CERTIFICATION OF CORPORATE DEFENDANTS COUNSEL IN SUPPORT OF MOTION TO COMPEL PLAINTIFFS TO PRODUCE FEE AGREEMENTS

I, Jamie Kohen, certify in accordance with Federal Rule of Civil Procedure 37(a)(2)(A) and Local Rule 37.1(b) that Corporate Defendants have made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the accompanying motion to compel discovery.

                /s/ Jamie M. Kohen