

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

KATIE MILLIO, IRENE JOHNSON,
JANINE HELLER and TOMAYITA
STEVENSON,

*Plaintiffs,*

vs.

WHITMAN EDUCATION GROUP,
INC., CAREER EDUCATION
CORPORATION, ULTRASOUND
DIAGNOSTIC SCHOOL and LOUIS
GIANELLI,

*Defendants.*

**CASE NUMBER: 04-30130-MAP**

## PLAINTIFFS' RESPONSES TO DEFENDANTS'
## FIRST SET OF DOCUMENT REQUESTS
## DIRECTED TO EACH PLAINTIFF

The plaintiffs object generally to the documents requests, instructions and definitions to the extent that they require more than is required by the Federal Rules of Civil Procedure. The plaintiffs further object to the extent that the requests request information that is attorney client privileged and attorney work product. The plaintiffs reserve the right to seasonably supplement their responses.

## DOCUMENTS TO BE PRODUCED

1.    All documents concerning your employment with Ultrasound Diagnostic School or the termination of that employment, including, but not limited to: employment applications, records of wages and fringe benefits; performance evaluations; employee handbooks; policy manuals; disciplinary rules; job assignments; notifications of salary increases; warnings or other disciplinary action taken against you; notification of termination; complaints to managerial or supervisory employees; and correspondence,

 

memoranda or notes to or from you regarding any matter related to your claims in this case.

**Objection** to the extent the information is attorney client privileged or attorney work product and some of the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, see documents produced.

2.    All documents concerning Defendants' policies or training regarding harassment or discrimination in the workplace.

See documents produced.

3.    All documents that you maintain or maintained as personal records, notes, and/or diaries regarding your employment with Ultrasound Diagnostic School, or which reference any dates, meetings, or communications relating to this lawsuit or any of the allegations in your Complaint.

**Objection** to the extent the information is attorney client privileged or attorney work product and some of the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, see documents produced.

4.    All documents that you removed from Ultrasound Diagnostic School's premises or from Ultrasound Diagnostic School's possession, custody, or control at any time during and/or subsequent to your employment with Ultrasound Diagnostic School.

**Objection** to the extent this request cannot be responded to because it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

5.    All documents concerning any search for employment or self-employment that you made during and after your employment with Ultrasound Diagnostic School ended to the present including, but not limited to:

 

a.    all applications for employment; resumes; cover letters; and/or newspaper, journal, or magazine advertisements concerning any search for employment with any entity other than Ultrasound Diagnostic School;

b.    all communications or correspondence sent to or received from any headhunters, employment agencies, and/or placement agencies concerning any potential employment with any entity other than Ultrasound Diagnostic School; and

c.    any and all communications or correspondence sent to or received from any potential employers regarding any potential employment.

**Objection** to the extent that much of the evidence sought is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, see documents produced. In addition, the plaintiffs are continuing to search for documents and will seasonably supplement if and when they are located.

6.    All documents obtained or received by you concerning the amount and source of income received by you or accruing to you during and after your employment with Ultrasound Diagnostic School, including, but not limited to: payroll stubs; W-2 forms; 1099 forms; federal, state and local income tax returns; and summary plan descriptions.

**Objection** to the extent that much of the evidence sought is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, see documents produced. In addition, the plaintiffs are continuing to search for documents and will seasonably supplement if and when they are located.

 

7.    All documents concerning your employment, or services performed by you, for employers other than Ultrasound Diagnostic School during and after your employment with Ultrasound Diagnostic School, including, but not limited to, documents relating to your job title, job status, rate of pay, change in job title, performance evaluations, descriptions of jobs held and work performed, and employee handbooks, policies or manuals.

**Objection** to the extent that much of the evidence sought is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, see documents produced. In addition, the plaintiffs are continuing to search for documents and will seasonably supplement if and when they are located.

8.    All documents concerning any claim by you for and/or receipt of unemployment compensation benefits subsequent to the termination of your employment with Ultrasound Diagnostic School.

**Objection** to the extent that the information sought is not reasonably calculated to lead to the discovery of admissible evidence.

9.    All documents concerning any damages that you claim as a result of the conduct of Defendants or any other monetary relief you are seeking in this action, including, but not limited to, any documents describing the method you used to calculate such claimed relief.

See documents produced.

10.    To the extent you are claiming any physical or mental damages or emotional distress, all documents concerning any diagnosis or treatment you have received from, or consultation you have had with, any physician, physical therapist, nurse, psychologist, psychiatrist, social worker, priest, rabbi, counselor, or health care provider at any time from 1990 to the present, including, but not limited to: records of



visits, notes to return to work, bills for services, treatment records, reports,

recommendations, diagnoses, test results, records of hospitalization or

institutionalization, prescriptions, and payments for prescriptions.

**Objection** to the extent this request cannot be responded to because it is overly broad,
unduly burdensome and not reasonably calculated to lead to the discovery of admissible
evidence. The plaintiffs also object on the grounds that much of the information sought
is subject to attorney client, mental health professional or other privileges.

11.    To the extent you are seeking attorneys' fees and costs, all

documents concerning any agreement between you and your attorney for the payment of

attorneys' fees and costs in connection with this litigation.

**Objection** to the extent this request calls for attorney client privileged information and
information not reasonably calculated to lead to the discovery of admissible evidence as
attorneys' fees are not litigated in this matter and are unrelated to the plaintiffs claims.

12.    All documents submitted by you to, or received by you from, the

Equal Employment Opportunity Commission or the Massachusetts Commission Against

Discrimination concerning your employment with Ultrasound Diagnostic School and the

termination of that employment.

See documents produced.

13.    All documents concerning any litigation, charge, complaint, or

action brought by you or against you in any federal or state court and/or federal or state

agency.

**Objection** to the extent this request cannot be responded to because it is overly broad,
unduly burdensome and not reasonably calculated to lead to the discovery of admissible
evidence.

14.    All statements or affidavits received or obtained by you from any

individuals concerning any claim or defense you have asserted or intend to assert in this



matter, including any statements made by Ultrasound Diagnostic School or its current or former agents, representatives, and/or employees.

**Objection** to the extent the information is attorney client privileged or attorney work product and some of the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, see documents produced.

15.    All documents identified or referred to in your response to Defendants' First Set of Interrogatories directed to you.

See documents produced.

16.    All documents that you intend to introduce into evidence or otherwise rely upon at any hearing or trial in this matter.

**Objection** to the extent this request is premature. Subject to and without waiving said objections, see documents produced. The plaintiffs will seasonably supplement their responses as required by the rules.

17.    All documents reflecting the sexually suggestive e-mails allegedly circulated by Mr. Gianelli, as alleged in Paragraph 36 of the Complaint, and all other documents you contend constituted sexual harassment.

See documents produced.

18.    All document reflecting that Plaintiffs complained to Whitman and to CEC corporate offices, as alleged in Paragraph 38 of the Complaint.

See documents produced.

19.    All documents pertaining to the allegation that "at least one member of the school's management regularly falsified potential students' high school equivalency documentation," as alleged in Paragraph 42 of the Complaint.

See documents produced.



20.    All documents pertaining to the allegation that "management gave students passing grades when they failed to meet criteria for entry into the program, failed critical tests or failed to complete the requisite hours to complete and pass their various courses." as alleged in Paragraph 43 of the Complaint.

See documents produced.

21.    All documents pertaining to the allegation that Plaintiffs told "the corporate office and the Department of Education" about alleged violations of law and public policy, as alleged in Paragraph 45 of the Complaint.

See documents produced.

22.    All documents pertaining to the allegation that Plaintiffs had an "exempt" status, as alleged in Paragraph 50 of the Complaint.

See documents produced.

23.    All documents pertaining to the allegation that Plaintiffs did not receive compensation for hours worked in excess of 40 hours each week, as alleged in Paragraph 52 of the Complaint, and all documents reflecting that Plaintiffs requested permission to work overtime or compensation for overtime hours worked.

See documents produced.

24.    All documents pertaining to the allegation that Gianelli "promised Plaintiffs and other employees at UDS, Springfield a bonus of 5-10% of their yearly income based on their achievement it the year 2002," as alleged in Paragraph 55 of the Complaint.

See documents produced.

 

25.     All documents pertaining to the allegation that Plaintiffs complained to "public agencies including the DOE, AG, MCAD and EEOC" about the alleged wrongdoing and illegalities, as alleged in Paragraph 58 of the Complaint.
See documents produced.

26.     All documents pertaining to the allegation that Defendants engaged in illegal behavior or violations of public policy, as alleged in the Complaint.
See documents produced.

27.     All documents pertaining to the allegation that Plaintiffs Milillo and Johnson reported illegalities and unsafe conditions to corporate and various public agencies, as alleged in Paragraph 74 of the Complaint.
See documents produced.

28.     All documents pertaining to the allegation that Mr. Gianelli retaliated against Plaintiff Stevenson as alleged in Paragraph 31 of her Charge of Discrimination.
See documents produced.

<br>

PLAINTIFFS
By their attorney,

Suzanne Garrow BBO # 636548
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield MA  01103
(413)788-7988
(413)788-7996 (fax)

Dated:  June 3, 2005

6/7

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was
served by first class mail upon the attorneys of record for the defendants on June 3, 2005.

*hand 5/6*

_____
Suzanne Garrow