|  |  |
|---|---|
| Jamie M. Kohen/PH/MLBLaw<br>10/30/2005 07:46 PM | To  "Suzanne Garrow" <sgarrow@comcast.net><br>cc  emazurek@morganlewis.com, "'Joel Feldman'" <jfeldman@crocker.com>, trice@toddweld.com, cohara@toddweld.com<br>bcc<br>Subject  CEC/Milillo - Document Request for Fee Agreement |

Hi Suzanne,

I write with regard to Defendants' request for the Fee Agreement between you and Plaintiffs.

First, even apart from Defendants' Supplemental Document Request, Corporate Defendants' initial Document Requests, served April 13, 2005, requested the Fee Agreements. As Request No. 11 stated:

> To the extent you are seeking attorneys' fees and costs, all documents concerning any agreement between you and your attorney for the payment of attorneys' fees and costs in connection with this litigation.

Accordingly, Defendants' request for such documents was timely for this reason alone.

Second, you expressed that you do not believe such agreements are properly subject to discovery. Caselaw uniformly establishes that where a plaintiff seeks attorneys' fees, fee agreements between plaintiff and counsel are both relevant and not privileged. See, e.g., Montgomery County v. MicroVote Corp., 175 F.3d 296, 304 (3rd Cir. 1999); Maddow v. Proctor & Gamble Co., 107 F.3d 846, 853 (11th Cir. 1997); United States v. Anderson, 906 F.2d 1485, 1492 (10th Cir. 1990); In re Grand Jury Proceedings Subpoena to Testify to Wine, 841 F. 2d 230, 233 n. 3 (8th Cir. 1988); Consol. Health Plans v. Principal Performance Group, Civ. A. No. 02-1230, 2003 WL 21406181, *3 (E.D. La. 2003); In re Sheffield, 280 B.R. 719, 721 (S.D. Ala. 2001); Duttle v. Bandler & Kass, 127 F.R.D. 46, 52 (S.D.N.Y .1989).

Accordingly, please confirm either : a) that you will produce the signed fee agreements for all four Plaintiffs by November 3, 2005; b) that Plaintiffs will not produce the signed fee agreements because they do not intend to see attorneys' fees and costs; or c) that Plaintiffs continue to refuse to produce such documents. As I previously indicated, if Plaintiffs continue to refuse to produce such documents, we will seek Court intervention.

Thanks,

Jamie M. Kohen
Labor and Employment Associate
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel. 215.963.5472
Fax 215.963.5001
jkohen@morganlewis.com

"Suzanne Garrow" <sgarrow@comcast.net>



"Suzanne Garrow"
<sgarrow@comcast.net>
10/24/2005 10:17 AM

To  jkohen@morganlewis.com

cc  emazurek@morganlewis.com, trice@toddweld.com, "'Joel Feldman'" <jfeldman@crocker.com>

Subject  RE: CEC/Milillo - Corporate Defs' Supplemental Document Request

Jamie,

In the Joint Motion the parties acknowledged that paper discovery was completed, (see paragraph 2), and that only depositions remained:

"1.      All non-expert depositions will be completed by December 31, 2005."
(Joint Motion Schedule A). The Court endorsed the Joint Motion without further modification. (See docket entry no. 29).

You failed to seek leave of Court prior to serving the untimely requests at issue and the documents and information requested in Corporate Defendants' Supplemental Document Request, are objectionable on that basis.

In addition, I indicated that we believe that you are not entitled to the documents and information requested. You have failed to provide any First Circuit authority that indicates otherwise. Seeking Court intervention would thus be premature.

Suzanne


CONFIDENTIALITY NOTICE:  This communication may contain privileged and confidential information. It is intended only for the use of the recipient named above. If you are not the intended recipient of this communication, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return email and discard the original message.


-----Original Message-----
From: jkohen@morganlewis.com [mailto:jkohen@morganlewis.com]
Sent: Friday, October 21, 2005 5:50 PM
To: Suzanne Garrow
Cc: emazurek@morganlewis.com; trice@toddweld.com
Subject: CEC/Milillo - Corporate Defs' Supplemental Document Request


Dear Suzanne,

I am writing with regard to Corporate Defendants' Supplemental Document Request, which was served on Plaintiffs' counsel on September 15, 2005. You stated that Plaintiffs do not intend to respond to this request because
all document requests were to be served before the time we served. We disagree.

The Court's initial Scheduling Order, dated March 10, 2005 originally set
April 15, 2005 as the date by which the parties' discovery should be served. However, the parties modified, and the Court approved, the discovery deadline in this case, until the end of the year. (See docket entry no. 29). Moreover, in light of the mutual letter campaign regarding
the parties' productions that was occurring at the time that the stipulation was negotiated, it is clear that document discovery was still
in play.

Please let me know by Tuesday, October 25 at noon if Plaintiffs will provide the requested documents; otherwise, Corporate Defendants will seek
the Court's assistance.

Thanks,

Jamie M. Kohen
Labor and Employment Associate
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel. 215.963.5472
Fax 215.963.5001
jkohen@morganlewis.com

DISCLAIMER
This e-mail message is intended only for the personal
use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please
notify us immediately by e-mail and delete the original
message.