UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KATIE MILLIO, IRENE JOHNSON JANINE HELLER and TOMAYITA STEVENSON, <br><br>　　　　Plaintiffs, <br><br>v. <br><br>ULTRASOUND DIAGNOSTIC SCHOOL WHITMAN EDUCATION GROUP, CAREER EDUCATION CORP., and LOUIS GIANNELLI, <br><br>　　　　Defendants. | ) <br> ) <br> ) DOCKET NO. 04-cv-30130 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' OPPOSITION TO CORPORATE DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO PRODUCE FEE AGREEMENTS**

### I.     INTRODUCTION

The defendants have sought all documents which concern the agreement between the plaintiffs and their counsel for the payment of attorney's fees. The plaintiffs have objected and asserted attorney-client privilege for the documents sought. The plaintiffs request that this court reject the attempt by the defendants to obtain attorney-client privileged information related to the fee arrangement between plaintiff and their counsel.

### II.     FACTS

The defendants have sought the *actual documents* concerning the agreement between the plaintiffs and counsel (as opposed to the simply the amount of fees to be paid to counsel), as noted below in the request of the corporate defendants and response of the plaintiffs:

1

Request 11.   To the extent you are seeking attorneys' fees and costs, all documents concerning any agreement between you and your attorney for the payment of attorneys' fees and costs in connection with this litigation.

Response to Request 11.   **Objection** to the extent this request calls for attorney client privileged information and information not reasonably calculated to lead to the discovery of admissible evidence as attorneys' fees are not litigated in this matter and are unrelated to the plaintiffs claims.

This is the only request in discovery at issue before this court.

### III.   ARGUMENT

The issue presented to this court is whether the fee agreements made between the plaintiffs and counsel, which are part of the entire representation agreement between the parties, must be produced in their entirety, as requested by the defendants. The plaintiffs contend that they are not required to produce documents containing information including "statements…which also reveal the motive of the client in seeking representation [and] litigation strategy", for example. *Clarke v. American Commerce National Bank*, 974 F. 2d 127, 129 (9th Cir. 1992) *quoted in Bria v. United States of America*, Civil No. 3:00 CV 1156 (D. Conn. March, 2002)

As support for their motion, the defendants cite cases, the vast majority of them criminal cases, to show that "fee arrangements" are not protected by the attorney-client privilege. See, e.g., *In re Grand Jury Subpoena (Zerendow)*, 925 F. Supp. 849 (D. Mass. 1995). In the *Zerendow* case, extensively cited in the defendants' Memorandum at p. 3, the court compelled "the attorney to answer questions concerning the fee arrangement with his client", to quote the defendants. *Id.* However, the "fee arrangement" is not what the defendants sought in this case. Certainly, they could have done so, by asking through Interrogatories for the hourly rate of plaintiffs' counsel, for example. Instead the defendants asked for "all documents" which relate to the fee arrangement of the plaintiffs and their counsel. With forethought, the defendants might have recognized that

2

provisions of the document could include attorney-client protected confidential information. That is the case with the documents sought here.

For example, the representation agreement between the plaintiffs and their counsel includes a provision describing the manner in which counsel will attempt to achieve a settlement in the case, revealing the negotiating strategy of the plaintiffs.[1] The agreement addresses the specific scope of the representation of the client, including which claims the attorney will pursue. This provision also reveals which claims the plaintiffs considered filing in this lawsuit, including claims that may not have been filed. Finally, there is another provision concerning review of the decision of the court or administrative body, which discloses further the litigation strategy of the plaintiffs.

The documents sought in this case then provide a window into the "the nature of the [legal] services provided or contemplated [and] strategies to be employed in the event of litigation". *In re Horn*, 976 F. 2d 1314, 1317-1318 (9th Cir. 1992). The *Horn* case and others like it have concluded that seeking similar documents constitutes an unjustified intrusion into the attorney-client relationship. *Id.* The fee document at issue in this motion provides the hourly wage of one of the plaintiffs' counsel in the case. However, the document also includes "statements…which also reveal…litigation strategy…[which]fall within the privilege." *U.S. v. Olano*, 62 F.3d 1180, 1205 (9th Cir. 1995). By requesting documents which contain this sort of information, "it is clear that the [party] is seeking to discover more than just the amount, date and form of fees paid…" by the plaintiffs to their counsel. *Crespo v. Wella Corporation*, 774 F. Supp. 668, 690 (D.P.R. 1991).

In sum, the defendants are not entitled to sensitive information concerning the litigation strategy of the plaintiffs, which is the subject of the written communication between plaintiffs and

---

[1] The plaintiffs have submitted the Affidavit of Joel Feldman which describes some of the provisions in the documents requested for which the plaintiffs claim a privilege. All references to provisions of the agreement are derived from the Affidavit of Joel Feldman.

3

their counsel in the documents requested. Courts that have reviewed whether agreements and bills contain attorney-client privileged material have "made a distinction between documents that reveal the nature of the services provided and those that merely reveal the amount of the fee paid, such as invoices." *Crespo*, 774 F. Supp. at 689 *citing In re Grand Jury Witness*, 695 F. 2d 359, 362 (9th Cir. 1982). The documents requested contain such privileged information and therefore "go to the very heart of the nature of the services rendered" between the plaintiffs in this case and their counsel. *See, Crespo*, 774 F. Supp. at p. 689. The test to be used by this court is whether confidential communications between plaintiffs and defendants would be revealed. They would be revealed in this case, and the plaintiffs therefore request that this court deny the motion of the defendants.

### IV.    CONCLUSION

For the reasons noted above, the plaintiffs request that this court deny the Corporate Defendants' Motion to Compel Plaintiffs to Produce Fee Agreements.

THE PLAINTIFFS
By their attorneys,
/s/Joel Feldman
Joel Feldman
BBO # 552963
Suzanne Garrow
BBO # 636548
Heisler, Feldman & McCormick
1145 Main Street, Suite 508
Springfield MA  01103
(413)788-7988
(413)788-7996 (fax)

I hereby certify that a
true copy of the above
document was served upon
the defendants' attorney
by mail (by hand) on
_____.

_____

Dated:_____