IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATIE MILLIO, IRENE JOHNSON, JANINE HELLER and TOMAYITA STEVENSON,<br><br>*Plaintiffs,*<br><br>vs.<br><br>WHITMAN EDUCATION GROUP, INC., CAREER EDUCATION CORPORATION, ULTRASOUND DIAGNOSTIC SCHOOL and LOUIS GIANELLI,<br><br>*Defendants.* | CASE NUMBER: 04-30130-MAP |

**CORPORATE DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO COMPEL PLAINTIFFS TO PRODUCE FEE AGREEMENTS**

In their Opposition to Corporate Defendants' Motion to Compel Plaintiffs to Produce Fee Agreements [dkt #56], Plaintiffs tacitly concede that the entire fee agreements are not privileged. Plaintiffs then purport to justify why certain parts of such documents are privileged with vague and generalized references to "negotiating strategies" allegedly contained therein. However, ambiguous references claiming to reveal litigation strategy cannot shield Plaintiffs' fee agreements from disclosure where the caselaw is clear that such documents are not privileged, particularly where Plaintiffs seek attorneys fees. See, e.g., Maddow v. Proctor & Gamble Co., 107 F.3d 846, 853 (11th Cir. 1997) (upholding district court's order compelling production of the fee agreement because plaintiffs sought attorney's fees).

Plaintiffs also fail to address that Corporate Defendants are entitled to learn the date that the actual agreements with counsel were signed, given that in deposition Plaintiffs were unable

to recall the date upon which they each executed a formal fee agreement. Plaintiffs' depositions also revealed that Plaintiffs took certain actions in the workplace related to their claims, (e.g., allegedly made complaints of public policy violations and harassment), only <u>after</u> consultation with counsel. Accordingly, the actual dates of Plaintiffs' fee agreements are significant insofar as they reveal whether Plaintiffs were working with counsel at the time of their complaints.

Moreover, while Plaintiffs suggest that Corporate Defendants should have just served interrogatories requesting the fee arrangement with counsel, Corporate Defendants' Document Request covers not only the written fee agreement with counsel, but also any preliminary written documentation regarding the retainer (such as emails), which are not privileged. <u>See, e.g.</u>, <u>Duttle v. Bandler & Kass</u>, 127 F.R.D. 46, 52 (S.D.N.Y. 1989) ("Attorneys' bills and communications regarding retainer agreements are not privileged.").

Thus, for the foregoing reasons, and those stated in Corporate Defendants' Motion to Compel [dkt #54], Corporate Defendants respectfully request that the Court order Plaintiffs to provide full and complete responses to Corporate Defendants' Document Request No. 11.

|  |  |
|---|---|
|  | The Corporate Defendants,<br>WHITMAN EDUCATION GROUP, INC.<br>CAREER EDUCATION CORPORATION<br>ULTRASOUND DIAGNOSTIC SCHOOL<br>By Their Attorneys |
| Dated: December 6, 2005. | __/s/__ Jeffrey E. Poindexter_____<br>Jeffrey E. Poindexter, Esq.<br>BULKLEY, RICHARDSON AND<br>GELINAS, LLP<br>Tel. (413) 272-6232<br>Fax. (413) 272-6803<br><br>Edward S. Mazurek, Esq.<br>*admitted pro hac vice*<br>Jamie M. Kohen, Esq.<br>*admitted pro hac vice* |

MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel. (215) 963-5019/5472
Fax. (215) 963-5001