IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATIE MILLIO, IRENE JOHNSON, JANINE HELLER and TOMAYITA STEVENSON,<br><br>*Plaintiffs,*<br><br>vs.<br><br>WHITMAN EDUCATION GROUP, INC., CAREER EDUCATION CORPORATION, ULTRASOUND DIAGNOSTIC SCHOOL and LOUIS GIANELLI,<br><br>*Defendants.* | CASE NUMBER: 04-30130-MAP |

**DEFENDANTS' MOTION TO COMPEL
DEPOSITION TESTIMONY**

I. **INTRODUCTION**

Defendants Whitman Education Group, Inc., Career Education Corporation and Ultrasound Diagnostic School ("UDS"), together with Defendant Louis Giannelli, (collectively "Defendants"), hereby move the Court for an order requiring Plaintiffs Janine Heller and Katie Milillo to fulfill their discovery obligations in accordance with Federal Rule of Civil Procedure 26.

In her deposition, Plaintiff Janine Heller refused to answer questions concerning other employees' use of illegal drugs at UDS, asserting the Fifth Amendment privilege. Because the Fifth Amendment only protects against self-incrimination, and does not shield individuals from providing information incriminating to others, this Court should compel Heller (and Plaintiff Milillo, who has not yet been deposed), to respond to such questions.

II.  **FACTUAL BACKGROUND**

In her deposition, Heller admitted that she was aware that employees used cocaine at UDS in violation of company policy:

> Q. With respect to policies and regulations of Whitman Education Group and UDS, was there a policy against the use of illegal drugs and controlled substances –
>
> A. Yes.
>
> Q. – on school premises?
>
> A. Yes.
>
> Q. Were you ever aware of any employees using cocaine at UDS?
>
> A. Yes.

(Heller Dep. at 119).[1]

However, when Corporate Defendants' counsel questioned Heller as to which individuals had used cocaine at UDS, Plaintiffs' counsel, Suzanne Garrow, instructed Heller not to respond, first citing that such information was irrelevant and then asserting the Fifth Amendment privilege against self-incrimination. (Id. at 119-134). Heller therefore refused to respond to any additional questions posed by Defendants on the subject area, including questions as to whether the other Plaintiffs to this suit had used illegal drugs at UDS. (Id.).

Corporate Defendants' counsel then reminded Ms. Garrow that the information requested was not covered by the Fifth Amendment privileged against self-incrimination because it related not to Heller's own cocaine use, but rather to cocaine use by other individuals:

> Q. Ms. Heller, who at UDS used cocaine?
>
>     MS. GARROW:  Ms. Heller is going to take the fifth amendment privilege here to the extent that it might implicate her.

---

[1]  Relevant portions of the deposition transcript of Janine Heller are attached hereto as Exhibit A.

> Q. Other than yourself, who at UDS used cocaine?
>
> MS. GARROW: She's going to take the fifth here as well to the extent there may be any implication relating to her.
>
> MR. MAZUEK: Obviously the invocation of the fifth amendment is against self-incrimination. My question is directed toward the use of cocaine of individuals at UDS other than Ms. Heller just to be clear.
>
> Q. Subject to that clarification, Ms. Heller, who other than yourself used cocaine at UDS?
>
> MS. GARROW: To the extent that there's any implication, Ms. Heller is going to take the fifth amendment with respect to that question as well.

(Id. at 127). Despite the objection, Plaintiffs' counsel refused to permit Heller to respond to questions about drug use by other employees. Corporate Defendants' counsel then asked Plaintiffs' counsel to explain how the questions implicated Heller's Fifth Amendment rights, but Plaintiffs' counsel's answer shed little light on her rationale:

> MR. MAZUEK: My question of you, counsel, then is I don't see, it's not apparent in any way, shape, or form how my questions as they relate to other employees would have any implications to Ms. Heller and thereby give rise to even an arguable basis for the assertion of privileged under the fifth amendment's guard against self-incrimination. So you can state something on the record in that regard if you're basing it on some type of implication. That's what I'm very uncomfortable and uncertain about to the extent you're asserting this highly important privilege on this very important matter in this litigation.
>
> MS. GARROW: The basis of the assertion of privilege here is to the extent that any of – and obviously I'm not saying that this is so, but to the extent that any of these individuals might have information that might lead to some sort of self-incrimination, I would instruct Ms. Heller not to answer, to her incrimination, I would instruct her not to answer those questions in any regard because of the potential for violation of her fifth amendment rights.

(Id. at 130-31). Thus, counsel for Defendants has adequately raised this discovery concern with Plaintiffs' counsel. See Certification of Counsel, attached at Exhibit B.

## III. ARGUMENT

The Supreme Court has made clear that the Fifth Amendment privilege against <u>self-incrimination</u> only protects an individual from revealing information that would incriminate him or her self – and not information which might incriminate another. <u>Rogers v. United States</u>, 340 U.S. 367 (1951). As the Court stated:

> **The decisions of this Court are explicit in holding that the privilege against self-incrimination is "solely for the benefit of the witness," and "is purely a personal privilege of the witness"... A refusal to answer cannot be justified by a desire to protect others from punishment...**

<u>Id.</u> at 371 (citations omitted) (emphasis added). The Fifth Amendment right simply cannot be asserted vicariously. <u>In re Grand Jury Proceedings</u>, 814 F.2d 61, 66 (1st Cir. 1987) ("fifth amendment claims are inherently personal and may not be asserted vicariously"); <u>United States v. Dowdy</u>, 486 F.2d 1042, 2043 (5th Cir. 1973) ("one cannot assert in his own defense the denial of another's right against self-incrimination.").

Supreme Court precedent also clearly establishes that an individual cannot assert her Fifth Amendment right against incrimination to prevent another from providing information that would incriminate her. For instance, in <u>Couch v. United States</u>, 409 U.S. 322 (1973), the Court would not permit a petitioner to assert the Fifth Amendment privilege where the subpoena at issue sought information not from her, but from her accountant. As the Court stated:

> The Constitution explicitly prohibits compelling an accused to bear witness 'against himself': it necessarily does not proscribe incriminating statements elicited from another. Compulsion upon the person asserting it is an important element of the privilege.
>
> While the divulgence harmed the petitioner, it did "not result from coercion of the suspect herself," and was, thus, found to be "a necessary part of the process of law enforcement and tax investigation.

Id. at 328-29 (citations omitted).  See also United States v. Robinson-Munoz, 961 F.2d 300, 303 (1st Cir. 1992) (holding that "the privilege against self-incrimination is personal to a defendant. . . . Therefore, a co-defendant cannot object to the admission of a confessing defendant's inculpatory statement on the ground that the confessing defendant's Fifth Amendment rights were violated.") (citation omitted).

Because of these well-established parameters on the Fifth Amendment privilege, Heller can only rely on the Fifth Amendment privilege to refuse to respond to questions concerning information that is incriminating to her.  She cannot refuse to respond to questions that would implicate the rights of others, as she attempted to do in her deposition in this matter.  Nor can any other Plaintiff assert her Fifth Amendment right to preclude Heller from testifying about her actions.  Moreover, even if Heller took the Fifth with regard to information that would implicate her own rights, she nevertheless was required to respond with regard to information concerning other individuals, which would not implicate her.  Accordingly, this Court should compel Heller to respond to Defendants' questions concerning illegal drug use at UDS by employees other than herself.  Likewise, Plaintiff Milillo should be instructed that at her upcoming deposition, she may not rely on the Fifth Amendment to avoid answering questions concerning illegal drug use at UDS by employees other than herself.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order Plaintiffs Heller and Milillo to provide full and complete responses to Defendants' deposition questions with regard to illegal drug use of other employees.

                                          The Corporate Defendants,
WHITMAN EDUCATION GROUP, INC.
CAREER EDUCATION CORPORATION
ULTRASOUND DIAGNOSTIC SCHOOL
By Their Attorneys

Dated:  December 7, 2005.        __/s/_ Jeffrey E. Poindexter_____
Jeffrey E. Poindexter, Esq.
BULKLEY, RICHARDSON AND
GELINAS, LLP
Tel. (413) 272-6232
Fax. (413) 272-6803

Edward S. Mazurek, Esq.
*admitted pro hac vice*
Jamie M. Kohen, Esq.
*admitted pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel. (215) 963-5019/5472
Fax. (215) 963-5001

The Defendant
LOUIS GIANNELLI
By His Attorney

__/s/_____
Christopher O'Hara, Esq.
Tricia Rice, Esq.
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA  02109

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATIE MILLIO, IRENE JOHNSON, JANINE HELLER and TOMAYITA STEVENSON,<br><br>*Plaintiffs,*<br><br>vs.<br><br>WHITMAN EDUCATION GROUP, INC., CAREER EDUCATION CORPORATION, ULTRASOUND DIAGNOSTIC SCHOOL and LOUIS GIANELLI,<br><br>*Defendants.* | CASE NUMBER: 04-30130-MAP |

### ORDER GRANTING MOTION
### TO COMPEL DEPOSITION TESTIMONY

AND NOW this ____ day of December, 2005, upon consideration of Defendants' Motion to Compel Deposition Testimony, and any responses thereto, it is hereby **ORDERED** that said Motion is **GRANTED**, and that each of Plaintiffs Heller and Milillo must respond to Defendants' deposition questions regarding drug use by employees other than herself. Moreover, Defendants may re-open Heller's deposition for the limited purpose of questioning her in this regard.

_____
, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATIE MILLIO, IRENE JOHNSON, JANINE HELLER and TOMAYITA STEVENSON,<br><br>*Plaintiffs,*<br><br>vs.<br><br>WHITMAN EDUCATION GROUP, INC., CAREER EDUCATION CORPORATION, ULTRASOUND DIAGNOSTIC SCHOOL and LOUIS GIANELLI,<br><br>*Defendants.* | CASE NUMBER: 04-30130-MAP |

**CERTIFICATION OF COUNSEL
IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL DEPOSITION TESTIMONY**

I, Edward S. Mazurek, certify in accordance with Federal Rule of Civil Procedure 37(a)(2)(A) and Local Rule 37.1(b) that Defendants have made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the accompanying motion to compel discovery.

/s/ Edward S. Mazurek